UNITED STATES DISTRICT COURT          ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
                                                    :
JENNIFER RODRIGUEZ, individually and as the         :
natural mother and lawful guardian of P.A., JR. an  :
infant minor,                                       :
                                                    :
                                                    :
              Plaintiffs,                           :
                                                    :
    -against-                                       :   ORDER
                                                    :   10-CV-04661 (JG) (SMG)
CITY OF NEW YORK; NATALIA ROSADO,                   :
individually and in her capacity as a Child Protective :
Specialist for the Administration for Children's    :
Services; ROBERT SALEMI, individually and in his    :
Capacity as a Supervisor of Child Protective Specialists :
for Administration for Children's Services; ST.     :
VINCENT'S SERVICES, INC.; ZOILA VILLALTA,           :
Individually and in her capacity as a supervisor of case :
workers for St. Vincent's Services, Inc.; LIBRADA   :
MORAN,                                              :
                                                    :
              Defendants.                           :
                                                    :
-------------------------------------------------------------------x
                                                    :
Patrick ALFORD; P.A. JR., a minor, by Patrick       :
Alford, his father and natural and legal guardian; J.A, :
a minor, by Patrick Alford, her father and natural and :
legal guardian,                                     :
                                                    :
              Plaintiffs,                           :
                                                    :   11-CV-01583 (JG) (SMG)
    -against-                                       :
                                                    :
ADMINSTRATION FOR CHILDREN'S SERVICES;              :
CITY OF NEW YORK; ST. VINCENT'S SERVICES,           :
INC.; LIBRADA MORAN,                                :
                                                    :
              Defendants.                           :
                                                    :
-------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

On January 22, 2010, P.A, Jr. ("P.A.")[1] then seven years old, disappeared from his foster care home. On October 12, 2010, P.A.'s mother, Jennifer Rodriguez, filed a complaint on her own behalf and her son's behalf. On March 21, 2011, the complaint was dismissed, in part with prejudice and in part without. Rodriguez filed an amended complaint on April 25, 2011. The amended complaint asserts claims against the City of New York, St. Vincent's Services, Inc. and two of its employees, two employees of the Administration for Children's Services, and P.A's foster mother, Librada Moran, for, *inter alia*, alleged violations of P.A.'s constitutional rights leading to his disappearance. On March 31, 2011, P.A.'s father, Patrick Alford, filed a complaint on behalf of himself, P.A., and P.A.'s sister, J.A. With respect to the claims asserted on P.A's behalf, Alford's complaint is nearly identical to Rodriguez's October 12, 2010 pre-amendment complaint, which had been dismissed ten days before Alford commenced his action.

In an order dated May 24, 2011, I observed that "only one party may act in a representative capacity with respect to an infant or incompetent who comes before the court." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 650 (2d Cir. 1999). I further observed that because Rodriguez and Alford do not have physical custody of P.A., they may not be authorized to bring suit on his behalf. *See Otero ex rel. Otero v. State*, 602 N.Y.S.2d 501, 502 (Ct. Cl. 1993). Accordingly, I directed Rodriguez and Alford to show cause why the Court should not appoint a "next friend" or guardian ad litem to represent P.A.'s interests and dismiss all claims brought on his behalf by any other individual.

On May 27, 2011, in response to my order to show cause, Rodriguez moved for appointment as P.A.'s next friend. Rodriguez argues that she has a significant relationship to

---

[1] Pursuant to Fed. R. Civ. P. 5.2(3)(a), I use initials in place of any minor's name. I note that the parties have freely used the names of both P.A. and his sister, J.A., in their filings. The parties are directed to comply with Rule 5.2(3)(a) to protect the privacy of both infants.

P.A. and that she has demonstrated her dedication to the child's best interests by instigating an investigation into his disappearance and filing a lawsuit on his behalf.[2] Alford also responded to my order to show cause on May 27, 2011. He argues that he is authorized to bring suit on P.A.'s behalf without being appointed next friend because a state family court order issued after P.A.'s disappearance deemed Alford a suitable parent for P.A. and paroled P.A. to Alford's care. Alford contends that but for P.A.'s disappearance, he would be in Alford's physical custody.

Appointment of a guardian is governed by Fed. R. Civ. P. 17(c), which provides that a minor may be represented in a federal action by a general guardian, a committee, a conservator, or a like fiduciary. Fed. R. Civ. P. 17(c)(1). "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "To qualify as a 'representative' for purposes of Rule 17(c), [an individual] must have capacity to sue on the children's behalf under the law of New York, the forum state." *DeBruyne v. Clay*, No. 94-CV-4704 (JSM), 1995 WL 51134, at *2 (S.D.N.Y. Feb. 8, 1995) (citing *Slade v. Louisiana Power & Ligh Co.*, 418 F.2d 125 (5th Cir. 1968), *cert. denied*, 397 U.S. 1007 (1970)); *see also S. Ohio Sav. Bank & Trust Co. v. Guaranty Trust Co. of N.Y.*, 27 F.Supp. 485 (S.D.N.Y. 1939). Under New York CPLR § 1201, "[u]nless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody. . . . A person shall appear by his guardian ad litem if he is an infant and has no guardian, parent, or other person or agency having legal custody . . . or if he is an infant . . .

---

[2] Rodriguez also suggests that she may be P.A.'s legal custodian, authorized to sue in his name even without court appointment, as she has been P.A.'s custodial parent since birth. As P.A. was removed from Rodriguez's physical and legal custody by court order shortly before his disappearance, I find this argument meritless. In any event, Rodriguez does not rely on it and instead seeks an order appointing her as her son's representative.

and the court so directs because of a conflict of interest or for other cause . . . ." A parent who does not have physical custody of a child is not a "parent having legal custody" authorized to bring suit on an infant's behalf. *Bailey v. Tricolla*, No. 94-CV-4597, 1996 WL 733078, at *4 n.9 (E.D.N.Y. Dec. 11, 1996) (citing *Otero*, 602 N.Y.S.2d at 502).

In the Second Circuit, a court may "determine that the interests of a child or incompetent will be best represented by a 'next friend' or guardian ad litem and not by an authorized representative such as a parent or general guardian." *Ad Hoc Committee of Concerned Teachers v. Greenburgh # 11 Union Free School District*, 82 F.2d 25, 30 (2d Cir. 1989) (recognizing teachers committee as next friend to underage students where committee was "intimately involved" with subject matter of action, committee instituted suit in good faith, and committee was only group of adults likely to seek vindication of children's rights). "Both federal and New York state courts have repeatedly affirmed the power of the court to determine that the interests of a child or incompetent would best be represented not by a general representative, such as parent or guardian, but by a guardian ad litem or "next friend." *Von Bulow by Auersperg v. Von Bulow*, 634 F.Supp. 1284, 1293 (S.D.N.Y. 1986). Because I conclude that P.A.'s interests will be better represented by a next friend or guardian ad litem than by Alford, I need not determine whether Alford is authorized to represent P.A. without an order of appointment.

Alford has failed to show a willingness or ability to act zealously in P.A.'s best interests. *See Ad Hoc Committee of Concerned Teachers*, 82 F.2d at 29 (a federal court has "power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent"). Alford waited more than a

year after P.A.'s disappearance to file suit. If Alford had used that time to investigate the disappearance and craft a complaint, that delay alone would not suggest an inability to best protect P.A.'s interests. However, when Alford did finally file a complaint, it was a nearly identical copy of the complaint that had been filed by Rodriguez over five months earlier and had been dismissed by the Court ten days earlier. In the more than two months since he filed his complaint, Alford has made no effort to serve the defendants, although he knows their identities and their whereabouts. Counsel suggests in a letter dated May 31, 2011 that the failure to serve is strategic, as he intends to amend his complaint prior to service. Nonetheless, Alford's general inaction, and in particular his decision to file a complaint nearly identical to one that had already been dismissed in a closely related case, do not inspire confidence that he will vigorously represent P.A.'s interests.

Furthermore, under New York law, even where each parent has an independent right to represent a child, a court may appoint a guardian ad litem where "the record indicates that there are irreconcilable differences between the parents and their respective counsel as to the proper course to be pursued concerning the infant's causes of action." *Mullins v. Saul*, 515 N.Y.S.2d 561, 636 (2d Dep't 1987). On April 29, 2011, I encouraged counsel for Rodriguez and counsel for Alford to work together to file a single, joint amended complaint. On May 13, 2011, Rodriguez filed an amended complaint, in which Alford was not joined as a plaintiff. On May 16, 2011, counsel for Rodriguez explained to the Court via letter that he and counsel for Alford could not reach an agreement to file a single complaint, as they differed on strategy. Counsel for Rodriguez suggested that, in light of the disagreement, it might be appropriate for the Court to appoint a guardian for P.A. I agree.

In deciding whether to appoint Rodriguez or a third party to represent P.A.'s interests, I note a representation made in Alford's May 27, 2011 letter to the Court that there is currently a neglect case proceeding in state family court against Rodriguez, presumably concerning her relationship with P.A. While the questions at issue in that proceeding may not be directly relevant to this matter, Rodriguez and her son are adverse parties in that case. In this case as well, Rodriguez has her own objectives. She has asserted her own claims under state and federal law, alleging that defendants' treatment of P.A. violated her parental rights and interests. Rodriguez will of course be interested in litigating this case to her own advantage, which has the potential to give rise to a conflict of interest. For that reason, and the reasons stated above, I conclude it is best for Rodriguez to focus on her own interests and for the Court to appoint a disinterested third party to represent P.A. in this case.

Accordingly, I exercise my discretion under, Fed. R. Civ. P. 17(c) to "issue [an] appropriate order" to protect P.A., and appoint him independent pro bono counsel. Skadden, Arps, Slate, Meagher & Flom LLP, by attorneys Jonathan J. Lerner and Robert A. Fumerton, shall serve as pro bono counsel to P.A. Pro bono counsel are directed to file a single pleading on behalf of P.A. in case number 10-CV-4661, captioned "Second Amended Complaint." Upon filing of the Second Amended Complaint, the claims raised in P.A.'s name by Rodriguez and Alford in cases 10-CV-4661 and 11-CV-1583 will be dismissed for lack of standing.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 6, 2011
      Brooklyn, New York