# JONES HIRSCH CONNORS & BULL P.C.
## ONE BATTERY PARK PLAZA
### NEW YORK, NEW YORK 10004

NEW YORK

MINEOLA

WRITER'S EMAIL

TELEPHONE: (212) 527-1000
FACSIMILE: (212) 527-1680

CONNECTICUT

NEW JERSEY

WRITER'S DIRECT
DIAL NUMBER

**cobryan@jhcb.com**

**(212) 527-1621**

**Charles E. O'Bryan**
**Principal**

**Courtesy copy, original filed by ECF, Docket No.: CV-10-4661**

September 22, 2011

**BY HAND/ECF**
Honorable Steven M. Gold
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza, Room 13D
Brooklyn, New York  11201

Re:   Rodriguez v. St. Vincent's
      Services, et al
      Civil Docket No.:  10-CV-4661

      Patrick Alford v. The City of
      New York, et al
      Civil Docket No.:  11-CV-1583
                         10-CV-04661

      P.A., Jr. v. City of New York; et al
      Civil Docket No.: 10-CV-04661

      Our File No.:       06100-16617

Dear Judge Gold:

     We respectfully submit this letter in reply to the
opposition posed by counsel for P.A. Jr. ("P.A.") to the
application made on behalf of defendants St. Vincent's Services,
Inc., s/h/a St. Vincent's Services Incorporated, Carlene
Anderson, and Zoila Villalta in the above-referenced matters.

     The concern of our letter motion was that contrary to the
implication of counsel's letter, prior requests for expedited
discovery were quite specific and limited.  Counsel for P.A.

Hon. Steven M. Gold          -2-          September 22, 2011

sought "...to request a conference for our proposed motion for expedited discovery of the files of the New York Police Department ("NYPD") pertaining to the investigation into P.A.'s disappearance conducted over the past eighteen months (the "Investigative File")...." (Emphasis added) A copy of counsel's application of August 31, 2011 is annexed for the convenience of the Court.

At the August 2, 2011 appearance before Your Honor, P.A.'s request for immediate discovery of the investigative file was denied on the basis that counsel had filed a Notice of Appearance but no pleading. At the time of that conference it was made clear that the scope of the request was limited to an "expedited discovery of the NYPD investigative file."

This Court issued an Order, dated September 1, 2011, noting that the "...initial conference previously scheduled for January 26, 2011 will instead be held at 12:00 p.m. on September 27, 2011. Counsel are to comply with the original Scheduling Order dated 10/12/11, docket entry no. 2...." (sic) We found the wording of the Magistrate's Order troubling but reasonably assumed that, once again, the issue was being limited to P.A.'s desire for expedited discovery of the NYPD investigative file. At the telephone conference conducted on September 15, 2005 - at which your correspondence's sole participation was to request that the conference be placed on-the-record, which request was denied - the issue was again focused solely on the production of the NYPD investigative file and the co-defendant City's reply to P.A.'s opposition to the assertion of a "police privilege."

Our fear is that there is a push to transform the original singularly limited discovery request from one for particular documents from a particular defendant to an all-encompassing "scheduling conference" which would indeed be unduly burdensome and duplicative of effort.

With respect to the case oft-cited by P.A.'s counsel, Hollins v. U.S. Tennis Ass'n, 469 F.Supp.2d 67 (E.D.N.Y. 2006) is the equally oft-quoted bromide that "[t]he mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay" this reliance is inopt.

Conspicuously absent is any discussion of the criteria set forth in Hollins, supra, in which the Court expressly stated there are several factors to be considered in such instances. The factors have been listed as (1) whether the defendant has

made a strong showing that the plaintiff's claim is
unmeritorious; (2) the breadth of discovery and the burden of
responding to it; and (3) the risk of unfair prejudice to the
party opposing the stay. The Court in Hollins noted that a Court
may also "...take into consideration the nature and complexity of
the action, whether some or all of the defendants have joined in
the request for a stay, and the posture or stage of the
litigation...." Indeed the Court in Williams v. New York State
Office of Mental Health, 2011 U.S. Dist. LEXIS 61266 (E.D.N.Y.,
4/25/11) stated that "(a) stay of discovery pending resolution of
a potentially dispositive motion is appropriate 'where the motion
appear[s] to have substantial grounds or stated another way,
do[es] not appear to be without foundation in law." (Emphasis
added) Citing Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D.
433, 434 (S.D.N.Y. 2002).

        The motions to dismiss each of these actions assert several
grounds, among them the failure of the individual Complaints to
state a claim under 42 U.S.C. §1983; the Rooker-Feldman doctrine
which bars review by the District Court of the underlying State
Court judgment; and that the individual City defendants are
entitled to various qualified and absolute immunity defenses.

        We would urge that the courts have consistently also looked
to the "posture of the litigation..." Hollins, supra, Computer
Associates International, Inc. v. Simple.Com, Inc., 247 F.R.D. 63
(E.D.N.Y. 2007), etc. in invoking Rule 26(c) of the F.R.C.P. to
implement "...appropriate control over the discovery process...."

        We should also hasten to remind this Court that, although
this case was filed on October 12, 2010, as we have previously
advised there have been a series of successive and overlapping
procedural developments ranging from the conducting of a pre-
motion conference at the outset of the proceedings, successful
motions to dismiss, the introduction of new plaintiffs, the
subsequent dismissal, sua sponte, of several causes of action of
the adult plaintiffs, the appointment of counsel for P.A., etc.

        It is respectfully submitted that this matter is still at a
preliminary stage and any discovery would likely be highly
burdensome including involving a great deal of information of
numerous parties – all while motions to dismiss are to be argued
on October 12, 2011.

        While we once again take no position with respect to the
assertions by the Municipal defendants regarding the "police
privilege" and the attendant burden of providing the NYPD's

Hon. Steven M. Gold              -4-            September 22, 2011

"investigative files", we would urge that at this very
preliminary stage of the proceeding to compel the identification
of experts, interrogatories, etc. the burden imposed by a full
blown discovery on the defendants while dismissal motions are
being argued is great.  We urge that the process employed by the
Williams Court in "...weighing the potential burden of responding
to discovery against a potential prejudice to the plaintiff"
should be carefully considered.

       None of the litigants can at this point successfully predict
the procedural posture of this case following the October 12,
2011 appearance for oral arguments.  The motions to dismiss have
not been argued nor has a decision been rendered.

       It is respectfully submitted that in the instance where
motions are pending, both defendants oppose the propose
broadening of the scope of discovery, inherent in the
"rescheduling of the [original] scheduling conference...]" which
was never conducted nor formally adjourned that an adjournment of
the conference of September 27, 2011 be granted.

       We are merely asking for an adjournment of the
September 27th conference until a resolution of the motions or
more to the point a return to the original scope of discovery
demand – namely the issue of whether the NYPD investigative file
should be released at this point.

       We thank the Court in advance for its attention to this
matter.

                                   Respectfully submitted

                                   Charles E. O'Bryan

                                   Charles E. O'Bryan

CEO/dml
Enclosure

cc:  **VIA HAND/ECF**
     Honorable John Gleeson
     United States District Court
     Eastern District of New York
     225 Cadman Plaza, Room 727 S
     Brooklyn, New York  11201

VIA ECF
LAW OFFICE OF ROBERT OSUNA, P.C.
Attorneys for Plaintiff Jennifer Rodriguez
11 Park Place, Suite 600
New York, New York  10007
(212) 233-1033

LAW OFFICES OF AMBROSE W. WOTORSON, JR.
Attorneys for Plaintiff Jennifer Rodriguez
26 Court Street
Brooklyn, New York  11242-1118
(718) 797-4861

VIA ECF, FACSIMILE (718) 983-5088
and E-MAIL JRL1@aol.com
LAW FIRM OF JAMES R. LAMBERT, ESQ.
Attorney for Plaintiff Patrick Alford, Sr. and "J.A."
1491 Richmond Road
Staten Island, New York  10304
(718) 667-5000

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Attorneys for Plaintiff, P.A., JR.
Four Times Square
New York, New York 10036
(212) 735-3000
Attn: Jonathan J. Lerner, Esq.

BARRY McTIERNAN & MOORE
Attorneys for Defendants CITY OF NEW YORK,
OMAR LOFTON, ROBERT SALEMI, NATALIA ROSADO,
ZANETTE SARGEANT, SHARICE SCOTT, EMMANUEL
OKON, and JAKE NIXON, JR.
2 Rector Street
New York, New York  10006
(212) 313-3606
Attn:  Suzanne M. Halbardier, Esq.

KRAL CLERKIN REDMOND RYAN PERRY & VAN ETTER
Attorneys for Defendants KATHLEEN BENITEZ and MARIA PENA
538 Broadhollow Road, Suite 200
Melville, New York 11747
(631) 414-7930
Attn: Thaddeus J. Rozanski

Hon. Steven M. Gold      -6-      September 22, 2011

**VIA CERTIFIED MAIL/RRR and REGULAR MAIL**
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York 11239

833529

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
http://www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

August 31, 2011

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

As Your Honor is aware, we represent P.A., Jr. ("P.A."), a minor, in the above-captioned action. Pursuant to Paragraph 2.A of Your Honor's Individual Practices and Local Rule 37.3(c), we write to request a conference for our proposed motion for expedited discovery of the files of the New York Police Department ("NYPD") pertaining to the investigation into P.A.'s disappearance conducted over the past 18 months (the "Investigative File").

On August 2, 2011, Your Honor denied P.A.'s request for immediate discovery of the Investigative File on the grounds that the Second Amended Complaint ("SAC") was not yet on file:

> Discovery is limited to information relevant to the claims and defenses in the action. We don't know what the claims in the action are because the complaint hasn't been filed. We don't know what the defenses in the action are because there's been no response to the complaint. That's why it's so extraordinary to even ask or much less receive discovery before the complaint is filed.

(08/02/11 Tr. at 29:6-14.)

On August 5, 2011, P.A. filed the SAC, a copy of which we enclose. Even a cursory review of the SAC establishes that the Investigative File is discoverable under Fed. R. Civ. P. 26 because its contents could help locate P.A. and lead to the discovery of admissible evidence bearing on several issues directly relevant to P.A.'s

Hon. Steven M. Gold
August 31, 2011
Page 2

claims, including but not limited to (1) P.A.'s own first-hand testimony of the facts alleged about him in the SAC, (2) the circumstances surrounding his disappearance, (3) his condition while in the City's protective custody, and (4) his treatment while in such custody by individuals acting under color of state law. Accordingly, pursuant to Fed. R. Civ. P. 26(d)(1), it is now squarely within the Court's authority to order immediate production of the Investigative File prior to the Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1); Ayyash v. Bank Al–Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005).

The vast majority of courts have adopted a "good cause" standard to determine whether to exercise their well-established authority to order expedited discovery. See, e.g., Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs Dealers, Inc., No. 07 Civ. 2014, 2007 WL 1121734, at *5 (S.D.N.Y. Apr. 11, 2007); Ayyash, 233 F.R.D. at 327; see also 8A Charles Alan Wright et al., Federal Practice and Procedure § 2046.1 (3d ed. 2011).[1]

Applying this "good cause" standard, courts examine expedited discovery requests "on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." Ayyash, 233 F.R.D. at 327 (quotation omitted). "Good cause" may be found whenever "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Here, "the need for expedited discovery" of the Investigative File could not be greater. As we established in our letters dated July 5, 2011 and August 1, 2011, and during the August 2, 2011 conference, the City does not deny that the Investigative File is necessary for us to have any chance whatsoever of locating our client—a central witness whose testimony is plainly important. Despite the City's avowed satisfaction with its failed investigation into P.A.'s disappearance,[2] and its

---

[1] Recent decisions have properly criticized the 30-year-old decision by Judge Edelstein in Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (imposing a preliminary-injunction like test, to which a few courts adhere), stressing that "the intention of the [Federal Rules is] to confide the matter [of expedited discovery] to the Court's discretion, rather than to impose a specific and rather stringent test." Ayyash, 233 F.R.D. at 326; accord Semitool, 208 F.R.D. at 276. Moreover, the driving concern of Notaro, which involved a party seeking leave of court to take an otherwise-barred deposition within thirty days following commencement of the action, was to avoid undermining Rule 30(a)—a provision that "protects defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and retain counsel." Notaro, 95 F.R.D. at 404-05. Here, there is no need for such protection because the City is a sophisticated party represented by counsel, and this action has been pending for eleven months. In any event, as demonstrated below, P.A. would satisfy any heightened standard under Notaro because he would be irreparably harmed by having to wait for production of the Investigative File and there is no burden on the City in having to produce it.

[2] See 08/02/11 Tr. at 18:25-19:1 ("I am very impressed by how much has been done").

Hon. Steven M. Gold
August 31, 2011
Page 3

praise for the so-called "A Team" it supposedly assigned to the investigation, we are
results-oriented and extremely concerned that as time passes the trail continues
growing colder and the likelihood of finding P.A. and preserving his important
testimony becomes more remote. Courts routinely grant expedited discovery,
including where, as here, it is necessary to preserve the testimony of witnesses or
where it is necessary to prevent prejudice or irreparable harm. See Cook v.
Williams, No. 4:09-CV-1375, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009)
(ordering expedited discovery of plaintiff with terminal cancer on the grounds that he
might not be available to testify at a later date); 19th St. Baptist Church v. St. Peters
Episcopal Church, 190 F.R.D. 345, 351-52 (E.D. Pa. 2000) (granting immediate
discovery to perpetuate testimony of individual plaintiffs who were elderly).[3] Here,
expedited discovery of the Investigative File is necessary because it represents the
only chance to attempt to preserve P.A.'s testimony.

On the other hand, the prejudice to the City in having expedited production of
the Investigative File is non-existent. Indeed, the City has never claimed that the
Investigative File cannot be readily produced, and it has been aware of our narrowly-
tailored request for over two months. See Semitool, 208 F.R.D. at 276-77 (noting
that "the requested information is relevant and will be produced in the normal course
of discovery," and "[d]efendants have had notice of the instant motion and specific
discovery sought for nearly a month"). Moreover, the resources to attempt to locate
P.A. will not come from the City, and, if successful, would eliminate the need for the
NYPD to expend additional resources to search for P.A., which it claims to be doing.

Rather, the City predicates its resistance to production on its erroneous
contention that the law enforcement privilege protects the Investigative File from
disclosure. The applicability of this privilege has no bearing whatsoever on the
timing of production or the propriety of our request to expedite discovery. In the
event that the Court rules that the privilege does not apply, as we respectfully submit
it should, P.A. will be irreparably harmed by having to wait for production of this
file.[4]

---

[3] See also JP Morgan Chase Bank, N.A. v. Reijtenbagh, 615 F. Supp. 2d 278, 282–83 (S.D.N.Y.2009)
(granting expedited discovery to plaintiffs to determine the location of missing art pledged as
collateral for $50 million promissory note); Monsanto Co. v. Sauceda, No. 4:10-CV-2249, 2011 WL
65106, at *2 (E.D. Mo. Jan. 7, 2011) ("as time passes, the likelihood of discovering evidence relevant
to their claims will decrease"); see also Stern, 246 F.R.D. at 457; Ayvash, 233 F.R.D. at 326–27.

[4] Finally, the City's stated intention to file a motion to dismiss the Complaint does not warrant a stay
of discovery, as "[t]he mere filing of a motion to dismiss does not constitute 'good cause' for the
issuance of a stay." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006); see also
Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules
contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the
Rules would contain a provision to that effect."); accord Del Vecchio v. Amazon.com, No. C11-
0366RSL, 2011 WL 1585623 (W.D. Wash. Apr. 27, 2011).

Hon. Steven M. Gold
August 31, 2011
Page 4

Respectfully submitted,

/s/ Jonathan J. Lerner
Jonathan J. Lerner

/s/ Robert A. Fumerton
Robert A. Fumerton

Encl.

cc:     All counsel (via ECF)