## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 22, 2011

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

On behalf of P.A., Jr. ("P.A."), we respectfully submit this letter in response to Mr. O'Bryan's letter filed earlier this afternoon on behalf of the St. Vincent's Defendants (the "O'Bryan Letter"), which was submitted without leave of Court and in excess of three pages in length in direct contravention of Local Rule 37.3. The O'Bryan Letter purports to reply to our opposition to his request to adjourn the September 27, 2011 conference (the "September 27 Conference").[1]

Bearing all the hallmarks of dilatory practice, this latest letter is yet another attempt to modify this Court's September 1, 2011 Order (the "September 1 Order"), which expressly set the date of the Rule 26(f) conference and ordered P.A.'s motion for expedited discovery to be heard at that time. While Mr. O'Bryan apparently now does not suggest that the September 27 Conference should be adjourned with respect to P.A.'s motion for expedited discovery (see O'Bryan Letter at 2, 4), his letter simply rehashes the same flawed contentions advanced in his earlier request for an

---

[1] To the extent the O'Bryan Letter raises any new arguments on reply, such arguments are improper and should be ignored by this Court. See ABN AMRO Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 97 n.12 (2d Cir. 2007) ("We decline to consider an argument raised for the first time in a reply brief."); Graham Hanson Design LLC v. 511 9th LLC, No. 10 Civ. 5493, 2011 WL 744801, at *4 n.3 (S.D.N.Y. Feb. 24, 2011) ("This new argument is improper on reply, and the Court does not consider it."); Division 1181 Amalgamated Transit Union's New York Employees Pension Fund v. Minibus Service, Inc., No. 08-cv-2910, 2009 WL 605807, at *5 (E.D.N.Y. Mar. 9, 2009) ("An argument first raised in reply may be ignored.").

Hon. Steven M. Gold
September 22, 2011
Page 2

adjournment, namely that the Rule 26(f) conference should not be held until after the pending motions to dismiss are adjudicated.

Curiously, Mr. O'Bryan apparently now recognizes that a "strong showing" is necessary to stay discovery pending motions to dismiss (O'Bryan Letter at 3-4), but utterly fails to make such a showing. Indeed, he alerts the Court to the pending motions to dismiss based on "several grounds" (id. at 4), but makes no argument as to the strength of such motions. Moreover, the O'Bryan Letter submits that "any discovery would likely be highly burdensome involving a great deal of information" (id.), but is silent as to how holding the Rule 26(f) conference – which merely addresses discovery and case management issues and sets a discovery plan – could pose any burden to Defendants. In this same vein, Mr. O'Bryan protests that this Court should not "compel the identification of experts, interrogatories, etc." (Id. at 5.) Nothing in Rule 26 or this Court's prior orders requires identification of experts at the September 27 Conference. Similarly, because no interrogatories have been served, the suggestion that this Court may compel interrogatory responses at the September 27 Conference is frivolous.

This action was commenced almost one year ago and, as Mr. O'Bryan acknowledges, the initial conference was previously scheduled for January 26, 2011. We respectfully submit that, at this juncture, all parties should be prepared to comply with their Rule 26 obligations, and the St. Vincent's Defendants' dilatory tactics should be rejected out of hand.

Respectfully submitted,

/s/ Jonathan J. Lerner
Jonathan J. Lerner

cc:   All counsel (via ECF)