

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JANICE CASEY SILVERBERG**<br>phone: (212) 788-8119<br>fax: (212) 788-0940<br>email: jsilverb@law.nyc.gov |

October 3, 2011

Chief Magistrate Steven M. Gold
Unites States District Court
Eastern District of New York
225 Cadman Plaza, East
Brooklyn, NY  11201


Re: Rodriguez v. the City of New York
P.A. Jr. v City of New York
10 CV 4661

Dear Magistrate Gold:

I write pursuant to Your Honor's direction at the conference held in this matter on September 27, 2011 to inform plaintiffs and the Court whether non-party New York City Police Department ("NYPD") would consider meeting with plaintiffs to develop a protocol for identifying and producing that portion of the investigative file regarding P.A., Jr. which is not subject to the law enforcement privilege.

As Your Honor pointed out, the voluminous records of a twenty month investigation will certainly contain both privileged and non-privileged material, and determination of the extent to which the privilege applies, if it is claimed for the entire file, would require a time-consuming in camera document by document inspection. The file in question, however, concerns an active, ongoing criminal investigation, with the child still missing and at risk.

The disclosure of any portion of such an ongoing investigatory record is simply unprecedented and must be approached with the utmost caution by all parties and by the Court. Plaintiffs have reiterated their assurance that they would enter into a "strict confidentiality agreement" and stated "nor would we ever obviously reveal confidential information." (Tr. p. 15,

l.6, l. 15-16.). We are concerned, however, that plaintiffs' notion of confidentiality envisions unfettered access by an unspecified number of "Skadden Arps lawyers working on this case and our investigators." (Tr. p. 15, l. 5-6). At this point, we respectfully suggest that a meeting such as Your Honor suggested be conducted under a cloak of confidentiality with only plaintiff's investigator, a single attorney representing the plaintiff, a representative from the NYPD who has knowledge of the content of the files, counsel for the NYPD, and counsel for the City, and that no notes or minutes be taken (Tr. p. 30, l. 10-13). We further ask that no written summary of the meeting be prepared unless agreed to by both sides, and that Your Honor order that no party, person, or entity involved in the meeting or in its preparation be permitted to provide any information about the meeting to any media outlet or to any other entity.

Accordingly, under these conditions, the NYPD is willing to engage in a preliminary discussion to consider the categories of documents contained in the file, with the goal of identifying potentially non-privileged matter which may be subject to disclosure, and the conditions of such disclosure.

As to categories of documents for which the law enforcement privilege is claimed, the NYPD's burden to show with specificity that the privilege applies will arise after plaintiffs have demonstrated that they have an investigative plan that requires access to an identifiable category or categories of investigatory records. As Your Honor pointed out several times during the September 27, 2011 conference, it is plaintiff's burden to show a compelling need, and Your Honor "would have to evaluate the likelihood that this information would lead to the discovery of P.A.'s whereabouts and . . . whether your investigators can articulate a real good reason for believing that or not." (Tr. p. 8, l. 11-13). Your Honor further stated: "The question, though, is can you make a showing that with this information the odds of you finding him are increased? That's the compelling need prompt" (Tr. p. 11, l.23 – p. 12, l.1.), and "unless they (plaintiffs) can come forward with some explanation of how this information might help them in a way that it wouldn't help the Police Department, unless they can come forward with some explanation of how revelation of this material will augment the likelihood of locating the boy, they may not be able to make the compelling need showing." (Tr. p. 27, l.23 – p. 28, l.3).

Accordingly, we respectfully suggest that, on the basis of this initial meeting, with the input of NYPD personnel and plaintiff's investigator, plaintiffs articulate their perceived compelling need for information for which the privilege is claimed. We anticipate that plaintiffs may acknowledge that they can meet their burden to show compelling need only as to a limited universe of documents. We further anticipate that the parties will avail themselves of Your Honor's offer to "meet with Police Department officials and Skadden's investigator" (Tr. p. 28, l.9-10) following this initial meeting to further refine the instances where grounds for asserting the privilege exist, but where Your Honor determines that plaintiffs can show a compelling need, so as to limit the actual number of documents in dispute for which Your Honor must conduct in camera inspection to balance the interests.

We thank Your Honor for your clarification of the issues and suggestions as to how to proceed, and herein indicate NYPD's good faith willingness to proceed accordingly. We request that the attorney designated by Skadden-Arps in this matter contact the undersigned to schedule the meeting.

          Respectfully yours,

          _____/s/_____
          Janice Casey Silverberg
          Assistant Corporation Counsel

cc:    Via ECF

        Robert Alexander Osuna, Esq.
        Ambrose Wotorson, Esq.
        Skadden Arps Slate Meagher & Flom LLP
        Attorneys for Plaintiffs

        Suzanne Halbardier, Esq.
        Barry, McTiernan & Moore
        Attorneys for New York City defendants

        Charles E. O'Bryan, Esq.
        Jones, Hirsch, Connors & Bull, P.C.
        Attorneys for Defendants St. Vincent's Services, Inc.