UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
P.A., JR. an infant minor,                                          10-CV-4661

                          Plaintiff

      -against-

CITY OF NEW YORK, JOHN MATTINGLY
Et al

                         Defendants.
-------------------------------------------------------

## REPLY MEMORANDUM OF LAW

                                               BARRY, McTIERNAN & MOORE
                                               Attorneys for Defendant
                                               CITY OF NEW YORK
                                               2 Rector Street, 14th Floor
                                               New York, NY  10006
                                               (212) 313-3600

**Suzanne M. Halbardier**
**Of Counsel**

# TABLE OF CONTENTS

*PAGES*

TABLE OF CONTENTS ..................................................................................*i*

TABLE OF AUTHORITIES ............................................................................*ii*

ARGUMENT................................................................................................... 1

    DEFENDANTS' FACTUAL EVIDENCE SUBMITTTED
    IN SUPPRT OF THIS MOTION SHOULD BE CONSIDERED............................1

    P.A.'S Section 1983 CLAIM SHOULD BE DISMISSED
    IN ITS ENTIRETY.........................................................................................2

    The Procedural Requirements of Rooker-Feldman Are Satisfied...........................2

    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
    BECAUSE THEY ACTED REASONABLY....................................................5

    THE CLAIMS AGAINST MATTINGLY SHOULD BE DISMISSED.....................6

    CONCLUSION...............................................................................................7

# TABLE OF AUTHORITIES

*CASES*                                                                                                      *PAGES*

Allen v. Mattingly, 2011 WL 1261103, 5 (2011 E.D.N.Y.)..................................................................1, 4

Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F.Supp.2d 340, (E.D.N.Y. 2010)..................................................................................................................2

Cornejo v. Bell, 592 F.3d 121, 129 (2d Cr. 2010).........................................................................5

Field Auto City, Inc. v. GMC, 476 F.Supp.2d 545, 553 (E.D. Va. 2007)....................................3

Finch v City of New York, 591 F.Supp.2d 3349 (S.D.N.Y. 2008)..............................................4

Galtieri v. Kelly, 441 F.Supp.2d 447, 458 (E.D.N.Y. 2006)........................................................3

Green v. Mattingly, 585 F.3d 97 (2d. Cir 2009)...........................................................................3

Hamm v. U.S., 483 f.3D 135, 137 (2D. Cir. 2007).......................................................................1

Locicero v. O'Connell, 419 F.Supp.2d 521..................................................................................1

Lomnicki v. Cardinal McCloskey Servs., 2007 WL 2176059, at 6 (S.D.N.Y. July 26, 2007)..............3

Melnitzky v. HSBC Bank USA, 2007 WL 1159639, at 8, (S.D.N.Y. Apr 17, 2007)....................2

Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)....................1

Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir. 1998)..........................................5

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000)..........................................................................1

Sinochem International Co. Ltd. V. Malaysia International Shipping Corp., 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed2d 15 (2007).........................................................................................1

Tenenbaum v. Williams, 193 F.3d 581, 605 (2d Cir. 1999).........................................................5

V.S. v. Muhammad, 595 F.3d 426, 430.......................................................................................3

# ARGUMENT

## I. DEFENDANTS' FACTUAL EVIDENCE SUBMITTED IN SUPPORT OF THIS MOTION SHOULD BE CONSIDERED

In his brief, P.A. erroneously contends that this Court should not consider the documents submitted in connection with the City's motion to dismiss. Under certain circumstances which are present here, this Court can and should rely on such extrinsic evidence, Locicero v. O'Connell, 419 F.Supp.2d 521, 524, citing Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). Here, P.A. contends that a City policy is unconstitutional[1]; certainly the policy is integral to plaintiff's claim. Similarly, the records of the Family Court can be considered, especially with regard to the extent of this Court's jurisdiction which P.A. concedes at footnote 7.

A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction. Sinochem International Co. Ltd. v. Malaysia International Shipping Corp., 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). For this reason, this Court in Allen v. Mattingly 2011 WL 1261103, 5 (E.D.N.Y. 2011) stated that "[the Court] must necessarily decide the branches of the City defendants' and State defendants' motions seeking dismissal pursuant to Rule 12(b)(1) prior to rendering any determination on the branches of their motions seeking dismissal pursuant to Rule 12(b)(6), which requires a decision on the merits of the case. Although when deciding a jurisdictional motion, the court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, Natural Resources Defense Council v. Johnson., 461 F.3d 164, 171 (2d. Cir. 2006), it also may look beyond the allegations of the complaint and "examine evidence outside of the pleadings." Hamm

---

[1] P.A. now contends that they have no claim regarding the Initial Child Safety Conference (ICSC), but rather another policy they denote as the "20-Day Policy." (Skadden Brief at 26). It is not clear what policy they are referring to, as the City continued to explore alternative and kinship foster placements even after the children were removed.

1

v. U.S., 483 F.3d 135, 137 (2d. Cir. 2007). The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. Id.

## II. P.A.'S §1983 CLAIM SHOULD BE DISMISSED IN ITS ENTIRETY

The children were removed from Jennifer Rodriguez, who had legal custody of P.A. and J.A. at the time of the removal. In her brief, Rodriguez has admitted that she consented to the removal and placement of the children into foster care. P.A. was represented by an attorney during the Family Court proceedings. His attorney wanted to speak with the children before agreeing to their being paroled to their father, as the Mother had raised an allegation against the father's girlfriend (Exh. J, p. 24).

A.  The Procedural Requirements of *Rooker-Feldman* Are Satisfied

Plaintiff erroneously argues that *Rooker-Feldman* is inapplicable, because "the *Rooker-Feldman* doctrine applies only to final adverse judgments." (P.A. Jr. Brief at p. 2) (*emphasis in original*). Plaintiff misstates the law. *Rooker-Feldman* applies to all state court judgments, whether the judgments are final or not. Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F.Supp.2d 340, (E.D.N.Y. 2010). "Despite Exxon Mobil 's use of the phrase 'after the state proceedings ended,' that decision makes clear that *Rooker-Feldman* prevents federal courts (other than the Supreme Court) from 'reviewing and reversing unfavorable state-court judgments.' The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court *judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those *judgments*." Id. at 48. (*emphasis in original*).

Plaintiff argues, "because P.A. disappeared, no final determination was ever made concerning his custody, much less a determination that P.A is attempting to appeal from by

2

bringing this action." (P.A. Jr. Brief at p. 3) As stated above, the judgment does not have to be final nor must plaintiff exhaust the state court appeal process in order for *Rooker-Feldman* to apply. [2]

The cases cited by plaintiff in support of their position can be distinguished from the case at hand. First, plaintiff analogizes this case to Green v. Mattingly, 585 F.3d 97 (2d. Cir 2009). In that case, plaintiff was not a "state court loser" because four days after removing the child from the plaintiff's custody, the Family Court issued a superseding order returning plaintiff's child to her. Id. at 102. The child was returned to plaintiff's custody before she commenced the action against the City. She therefore was not "a state court loser" and did not invite review of the Family Court's judgment, as the superseding judgment was in her favor.

Similarly, in V.S. v. Muhammad, 595 F.3d 426, 430, plaintiff was not a "state court loser" since prior to the commencement of the action, ACS had withdrawn all its claims against the plaintiff and returned the child into the plaintiff's custody. Id. Therefore, the plaintiff did not invite district court review and rejection of a state court judgment. Id.

---

[2] Many courts have applied *Rooker-Feldman* as long as the federal action seeks review of a previous state court judgment, regardless of whether that judgment is being appealed in the state courts when the federal case begins. *See, e.g.*, Schuh v. Druckman & Sinel, L.L.P., 2008 WL 542504, at 5, (S.D.N.Y. Feb. 29, 2008) ("That the plaintiffs are still in the process of appealing the state court decision is irrelevant to the Rooker-Feldman analysis."); Lomnicki v. Cardinal McCloskey Servs., 2007 WL 2176059, at 6 (S.D.N.Y. July 26, 2007) ("The Court notes that this judgment was appealed, but that the judgment was final for Rooker-Feldman purposes."); Melnitzky v. HSBC Bank USA, 2007 WL 1159639, at 8, (S.D.N.Y. Apr. 17, 2007) ("The fact that a federal plaintiff may still have time to appeal the challenged state court order or judgment within the state system does not affect the Rooker-Feldman analysis."); Galtieri v. Kelly, 441 F.Supp.2d 447, 458 (E.D.N.Y.2006); see also Field Auto City, Inc. v. GMC, 476 F.Supp.2d 545, 553 (E.D.Va. 2007) ("Simply put, there is no sound reason to preclude the operation of Rooker-Feldman where a state trial court has rendered judgment, but state appeals are not yet complete when the federal action is filed.").

Tragically, due to his disappearance, P.A. has not been, and cannot be, returned to his parent's custody. He is therefore a "state court loser" for *Rooker-Feldman* purposes and invites this Court's review of an unfavorable sate court judgment, mainly his removal and non-kinship placement.

Lastly, plaintiff mis-cites Allen v. Mattingly 2011 WL 1261103 (2011 E.D.N.Y), as a recent decision in which this Court differentiated between temporary and final judgments. In Allen, the Court noted that the plaintiff sought review of *both temporary and final orders* of the Family, in which she lost custody of her child. Id. at 8 (*emphasis added*). At no point, does the Court distinguish the two. Moreover, in Allen the Court does apply the Rooker-Feldman doctrine and declines review of plaintiff's claim. "The state Court's determinations to remove her son from her custody and place him in foster care were rendered prior to the commencement of this action. Accordingly, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction to hear plaintiff's claims relating to the [removal or placement]." Id. Our case is similar to Allen and thus Rooker-Feldman should be applied.

Alternatively, P.A. Jr. is precluded from litigating the claims arising from his removal, custody and placement, as these issues were litigated during the Family Court proceedings where he was represented by counsel.

> "Collateral estoppel, or issue preclusion, precludes re-litigation of an issue where (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."

Finch v. City of New York, 591 F.Supp.2d 3349 (S.D.N.Y. 2008).

## III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY ACTED REASONABLY

In Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir.1998), the Second Circuit held that an affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Id. at 74. In Pani, a fiscal intermediary was alleged to have made false statements to the Department of Health and Human Services concerning a doctor's claim for Medicare reimbursement. The Court upheld the intermediary's defense of immunity, reasoning that "fiscal intermediaries ... are acting as adjuncts to the government and are carrying out a traditional government function." Id. The Court permitted the defense to be asserted on a Rule 12(b)(6) motion because the facts supporting the defense appeared on the face of the complaint. Id. at 74–75.

Similarly, here the defense of qualified immunity appears on the face of the complaint. Ms. Rodriguez called ACS speaking incoherently and asking to be placed in a rehabilitation facility. Defendants (Salemi, Rosado, Pride and Sosa) acted rationally in deciding to remove the children after receipt of this phone call. Plaintiff argues that an emergency situation did not exist as to P.A. because he was in the care of his aunt, Ms. Toledo, at the time he was removed. (Skadden Brief at p. 34). This is a flawed argument, as the defendants were obliged by State regulations to conduct a kinship home study.

ACS caseworkers and their superiors are generally entitled to qualified immunity from claims under Section 1983, if either (1) their conduct 'did not violate clearly established rights of which a reasonable person would have known,' or (2) 'it was objectively reasonable to believe

5

that [their] acts did not violate these clearly established rights.' Cornejo v. Bell, 592 F.3d 121, 129 (2d Cr. 2010). Defendants clearly acted reasonably and in good faith by removing P.A. in order to determine a safe and suitable placement for him. Plaintiff has the right to disagree. Other caseworkers could disagree. Nevertheless, the law plainly states that defendants' behavior is protected even if caseworkers of reasonable competence could disagree on the legality of defendant's actions. Tenenbaum v. Williams, 193 F. 3d 581, 605 (2d Cir. 1999). Moreover, investigations as to P.A.'s placement with his biological father and aunt, Ms. Toleda, were made as soon as possible after P.A. was removed from the emergency situation. (*See* Ex. K of Def. Breif).

Plaintiff also refers to a "misleading affidavit" in his papers. (Skadden Brief at pp. 33, 35.) Plaintiff argues that defendants "mislead" the court by failing to advise P.A. was in the care of Ms. Toledo when he was removed. Id. at. 36. No one raised this as an issue with the Judge the next day in the Family Court proceeding, despite their being present in court and represented by Counsel. (*See* Ex. K of City Brief). Rodriguez also consented to the removal. And as indicated in the City's primary brief, ACS is bound by certain State regulations when placing children in kinship foster care.

Defendants are entitled to qualified immunity because it is clear from the face of the complaint that the defendants acted reasonably in removing P.A. in an emergency situation and placing him in a temporary home pending clearance on kinship placement. These rational decisions were made in good faith, with court approval and are protected under the law.

### IV. THE CLAIMS AGAINST MATTINGLY SHOULD BE DISMISSED

Skadden contends that their Second Amended Complaint (SAC) "is replete with specific allegations of Mattingly's promulgation of policies and customs fostering the unlawful conduct,

6

gross negligence in supervising child protective services personnel, and deliberate indifference to P.A.'s rights." (P.A. Jr. Brief at 31). In order to withstand a motion to dismiss, however, P.A. Jr. must provide specific allegations of what those policies and customs were that led to the deprivation of P.A. Jr.'s civil rights. Other than the "20 Day Policy,"[3] there is no policy alleged in P.A. Jr's complaint that allegedly resulted in the constitutional violation. Thus, there is no viable basis to maintain the claim against Mattingly.

## CONCLUSION

For the reasons set forth in their primary brief and this brief,[4] City defendants respectfully request that the SAC be dismissed as against them in its entirety, and that the Court grant them such other and further relief as it deems just and necessary.

Dated:      New York, New York
            October 5, 2011

                                                Barry, McTiernan & Moore
                                                Attorney for City Defendants
                                                2 Rector Street, 14th Floor
                                                New York, New York 10006
                                                (212) 313-3600

                                                Suzanne M. Halbardier (SMH-0310

---

[3] Skadden's complaint fails to allege that this purported "20 Day Policy" is one that has "received formal approval through the body's official decisionmaking channels." Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000). And the other "policy" they contend was unconstitutional, the claim that Ms. Moran spoke Spanish and not English, has not been sufficiently pleaded to show why this purported policy showed deliberate indifference or gross negligence.

7

## CERTIFICATE OF SERVICE

Suzanne M. Halbardier, an attorney duly admitted to practice law in the State of New York, hereby certifies that a true and accurate copy of the attached Reply Memorandum Of Law was served by ECF on October 5, 2011 to:

Robert Alexander Osuna, Esq.
Ambrose Wotorson, Esq.

Skadden Arps Slate Meagher & Flom LLP
Attorneys for Plaintiffs

Charles E. O'Bryan, Esq.
Jones, Hirsch, Connors & Bull, P.C.
Attorneys for Defendants St. Vincent's Services, Inc.

LAW FIRM OF JAMES R. LAMBERT, ESQ.
Attorney for Plaintiff
**PATRICK ALFORD, SR. and "J.A."**
1491 Richmond Road
Staten Island, NY  11242-1118

_____
SUZANNE M. HALBARDIER