UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENNIFER RODRIGUEZ, individually, and as the                    10-CV-4661
natural Mother and lawful guardian of PATRICK
ALFORD, JR., An infant minor,

                                  Plaintiff

        -against-

THE ADMINISTRATION FOR CHILDREN'S
SERVICES, THE CITY OF NEW YORK, ST.
VINCENT'S SERVICES, INCORPORATED,
LIBRADA MORAN, [AND] STARRETT
CITY, INC.,

                                 Defendants.
----------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW

                                                      BARRY, McTIERNAN & MOORE
                                                      Attorneys for Defendant
                                                      CITY OF NEW YORK
                                                      2 Rector Street, 14th Floor
                                                      New York, NY 10006
                                                      (212) 313-3600

Suzanne M. Halbardier
Of Counsel

## Summary of Argument

Plaintiff Rodriguez concedes that she consented to the placement of her children P.A. Jr. and J.A. into foster care, and admits that she was not able to care for her children (Rodriguez brief at p. 3). She further admits that she does not seek review of the Family Court orders which approved the removal of her children and addressed the placement of her children (Rodriguez brief at pp. 4-5). And she has not contested the City's assertion that Ms. Rodriguez objected to the placement of the children with the natural father, Patrick Alford. Finally, she has agreed to withdraw the Fifth Amendment claim.

In her brief, Rodriguez contends that the City has failed to address certain allegations regarding incidents in the foster home after the children were placed in foster care. Although Rosado and Salemi continued to seek kinship placement for the children and helped Rodriguez identify needed services, the foster parent and home were supervised by the agency in compliance with New York State regulations.

Ms. Rodriguez contends that she has stated a viable claim of deliberate indifference against defendants Rosado and Salemi by asserting that "complaints were made by both phone call and text messages." (Rodriguez brief at 7). However, the vague allegation against the City defendants appears at paragraph 85 of Rodriguez's complaint, that another relative made "numerous complaints" to defendant Rosado. No allegation is made regarding Salemi. The pleadings fail to specify what information was provided to Rosado, whether the complaints suggested that the children were in danger from someone in the foster home, whether Salemi or Rosado acted with deliberate indifference, and whether their knowingly ignoring these complaints led to the constitutional violation of the civil rights of Rodriguez. At no time has the City "conceded" any allegations; rather, Rodriguez has failed to sufficiently plead facts which

1

would give rise to "deliberate indifference." Plaintiff has simply asserted vague and generalized allegations which do not sufficiently state a claim against the City Defendants. Both defendants are also entitled to qualified immunity.

### Salemi and Rosado Did Not Act With Deliberate Indifference

Plaintiff argues that Salemi and Rosado acted with deliberate indifference in the face of complaints received on behalf of P.A., yet her complaint simply "offers 'labels and conclusions' (and) a formulaic recitation of the elements of a cause of action." Allen v. Mattingly, 2011 Westlaw 1261103 at *9 (E.D.N.Y. 2011). Plaintiff must show that Rosado and Salemi did nothing in the face of reports of abuse or maltreatment during a "sufficiently long period of time," and that this led to the deprivation of Rodriguez's constitutional rights. Park v. City of New York, 2003 U.S. Dist. LEXIS 578 at *15 (S.D.N.Y. Jan. 16, 2003).

Here, there is an allegation at paragraph 85 that Rosado received "numerous complaints" concerning the care and treatment of P.A., Jr. Such generalized allegations are insufficient to show that Rosado (or Salemi) acted with deliberate indifference to her constitutional rights. Gause v. Rensselaer Children and Family Services, 2010 Westlaw 4923266 at *4 (N.D.N.Y. 2010).

### Salemi and Rosado are Entitled to Qualified Immunity by Law

ACS caseworkers and their superiors are generally entitled to qualified immunity from claims under Section 1983, if either (1) their conduct 'did not violate clearly established rights of which a reasonable person would have known,' or (2) 'it was objectively reasonable to believe that [their] acts did not violate these clearly established rights.' Cornejo v. Bell, 592 F.3d 121, 129 (2d Cr. 2010). The law plainly states that defendants' behavior is protected even if caseworkers of reasonable competence could

2

disagree on the legality of defendant's actions. Tenenbaum v. Williams, 193 F. 3d 581, 605 (2d Cir. 1999). Defendants clearly acted reasonably and in good faith by removing P.A. and placing him in foster care, which Rodriguez concedes. (See Rodriguez's Brief at. 9). Plaintiff instead, complains of Rosado and Salemi's actions after placement. Rosado and Salemi, as well as City Defendants in general, were conducting investigations into kinship placement after P.A's placement with Ms. Moran. These investigations were necessary in the face of Ms. Rodriguez's allegations against Mr. Alford's paramour. Without her allegations, the children would have been placed with Mr. Alford as early as December 30, 2010. (*See generally,* Ex. H to City Brief.) Plaintiff therefore complains of a situation which she, herself created. And as is clear from the transcripts attached to the City's moving papers, Rodriguez never raised any concern or complaint about the foster home during the Family Court hearings, whereas she did complain about Alford's girlfriend being a danger to P.A. (City Exh. J, p. 7).

## **CONCLUSION**

Based on the foregoing arguments, City defendants respectfully request that the complaint be dismissed as against them in its entirety, and that the Court grant them such other and further relief as it deems just and necessary.

Dated:   New York, New York
         October 5, 2011

                          Barry, McTiernan & Moore
                          Attorney for City Defendants
                          2 Rector Street, 14th Floor
                          New York, New York 10006
                          (212) 313-3600

                          _____
                          Suzanne M. Halbardier (SMH-0310

## CERTIFICATE OF SERVICE

Suzanne M. Halbardier, an attorney duly admitted to practice law in the State of New York, hereby certifies that a true and accurate copy of the attached Reply Memorandum Of Law was served by ECF on October 5, 2011 to:

Robert Alexander Osuna, Esq.
Ambrose Wotorson, Esq.

Skadden Arps Slate Meagher & Flom LLP
Attorneys for Plaintiffs

Charles E. O'Bryan, Esq.
Jones, Hirsch, Connors & Bull, P.C.
Attorneys for Defendants St. Vincent's Services, Inc.

LAW FIRM OF JAMES R. LAMBERT, ESQ.
Attorney for Plaintiff
**PATRICK ALFORD, SR. and "J.A."**
1491 Richmond Road
Staten Island, NY  11242-1118

_____
SUZANNE M. HALBARDIER