SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

November 21, 2011

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

On behalf of P.A., Jr. ("P.A."), we respectfully submit this letter in response to the last minute requests by Ms. Halbardier and Mr. O'Bryan to defer all discovery responses of the City Defendants and the St. Vincent's Defendants, respectively. At the outset, we acknowledge that we are normally loathe to oppose reasonable extensions of time. Under the circumstances of this case, however, we do not understand there to be any legitimate reason that none of the Defendants are in a position to produce a single document, much less a substantial amount of documents, nor provide a specific schedule for producing the rest.

As Your Honor no doubt will recall, Defendants attempted to defer discovery based on the motions to dismiss P.A.'s Second Amended Complaint (the "SAC") that were submitted to Judge Gleeson. While both Ms. Halbardier and Mr. O'Bryan convey the impression that they just received documents from their clients, their dismissal motions tell a far different story. In those motions, both the City Defendants and the St. Vincent's Defendants submitted hundreds of pages of internal documents to construct their own self-serving statements of facts in a vain and improper effort to overcome the allegations in the SAC, which Judge Gleeson recognized are "horrific" and, if true, cannot possibly support the defense of qualified immunity:

Hon. Steven M. Gold
November 21, 2011
Page 2

> [I]f the terms of the conduct that occurred on the evening that Ms. Rodriguez called ACS and the daughter was removed and then subsequently her son was removed from the custody of her sister, if the facts surrounding the removal of P.A. and the facts surrounding the statements and alleged misrepresentations made to the Court the next day and the facts surrounding the handling of what is alleged to be an <u>obvious inappropriate, horrific placement</u> are considered true, I don't see how anyone could benefit from a defense of qualified immunity.

(10/14/11 Tr. at 21:6-15 (emphasis added) (a true and correct excerpted copy of the transcript is attached hereto as Exhibit A.)  Although was entirely improper to debate the substance of the well-pled allegations of a complaint on a 12(b)(6) motion, it plainly demonstrates that counsel had been collecting and sifting through their clients' internal files at least since P.A.'s SAC was filed on August 5, 2011.

In this same vein, Ms. Halbardier's contention that she did not anticipate that we would request "policy, training and practice documents" because "other than the family-specific records, [she] was not aware what [we] would be seeking" (Halbardier Letter at 2-3), is belied by even a cursory review of the SAC, which specifically alleges that the City has, *inter alia*, adopted or engaged in certain policies and practices.  Defendants have been aware of these allegations since the SAC was filed over three months ago, and it is inconceivable that counsel did not understand that we would be seeking documents pertaining to their policies and practices.

Under these circumstances, we respectfully urge this Court to be vigilant to additional unnecessary delay by Defendants.  In this light, we address the specific requests of the City Defendants and the St. Vincent's Defendants.

<u>The City Defendants' Requested Extension</u>

In her letter, Ms. Halbardier states that the "Rodriguez/Alford family documents [not including electronically stored information ('ESI')] . . . simply await a Confidentiality Order to be executed by the parties given the fact that these records are covered by various Social Services Laws and raise other privacy concerns." (Halbardier Letter at 2.)  We understand her to be saying that she is ready, willing and able to produce all the "Rodriguez/Alford family documents" (with the exception of certain ESI) immediately upon receipt of an executed confidentiality stipulation and order.  Although Ms. Halbardier did not proffer a proposed confidentiality stipulation until Thursday, November 17, 2011, we sent her an executed confidentiality stipulation earlier this evening that should be acceptable to her.

As to the City Defendants' request for a 30-day extension, based on our understanding that they propose to immediately produce the "Rodriguez/Alford family documents" now that we have provided an executed confidentiality stipulation, we do <u>not</u> oppose their request for a single 30-day extension.

<u>The St. Vincent's Defendants' Requested Extension</u>

We consider the St. Vincent's Defendants' request to postpone their obligation to produce responsive materials by today as vastly different from the City Defendants' request, and believe it to be purely dilatory. As the emails attached to Mr. O'Bryan's letter demonstrate, the St. Vincent's Defendants appear to view this Court's deadlines and the mandates of the Federal Rules of Civil Procedure as mere suggestions. Even though this Court twice ordered St. Vincent's to file its Rule 26(a) disclosures (<u>see</u> 9/1/2011 Order & 9/28/2011 Minute Entry), we still have yet to receive them despite our repeated requests.[1]

With respect to the documents the St. Vincent's Defendants are obligated to produce today, we first made our requests for, *inter alia*, all documents relating to our client at the initial Rule 26 telephonic conference on September 23, 2011, at which time Mr. O'Bryan represented that such files would be produced. One month later, on October 21, 2011, we served interrogatories and document requests on the St. Vincent's Defendants that categorized the documents we require from them in painstaking detail. When it suited St Vincent's purposes, Mr. O'Bryan flouted the Federal Rules of Civil Procedure and over 100 years of jurisprudence by attempting to disprove the well-pled allegations in the SAC on a Rule 12(b)(6) motion by inundating the Court (and us) with hundreds of pages of internal self-serving documents that he believed supported the St. Vincent's Defendants' positions on the merits. While this frivolous tactic was rejected from the Bench by Judge Gleeson, it plainly shows that the St. Vincent's Defendants have already carefully collected and culled many, if not all, of the documents we are seeking, and that most, if not all, of such documents could and should be produced immediately.

The position Mr. O'Bryan espouses in the emails attached to his letter that his purported inability to produce ALL the documents by today's deadline excuses him from producing ANY documents is preposterous. The other "grounds" for delay he offers are of similar ilk. The vague characterization of our document requests as "sprawling" or "improper" should be addressed by a Rule 34 response (which Mr.

---

[1] On Friday, November 18, we reiterated our request for the St. Vincent's Defendants to exchange their Initial Disclosures. (<u>See</u> O'Bryan Letter Ex. 1 at 2.) Although Mr. O'Bryan responded that these disclosures were "previously served" and represented that they would be resent today (<u>id.</u> at 1), we have no record of ever receiving them and we are still awaiting a copy as represented.

Hon. Steven M. Gold
November 21, 2011
Page 4

O'Bryan has represented he will not file today) and in no way justifies the St. Vincent's Defendants' refusal to produce the files they extensively reviewed months ago in connection with their dismissal motion. Notably, Mr. O'Bryan offers no basis, much less a legitimate one, for their failure to produce "Rodriguez/Alford family documents" in their possession that the City Defendants appear to acknowledge can be produced forthwith. Finally, with respect to Mr. O'Bryan's subpoena – the return date for which is conspicuously omitted from the letter – and his late-December vacation, both of these events <u>postdate</u> today's discovery deadline, and thus cannot possibly explain the delay.[2]

    We respectfully submit that the "horrific" facts alleged in the SAC should be adjudicated promptly and Defendants should not be allowed to unnecessarily delay this case. We understand that the St. Vincent's Defendants cannot complete their document production today, but there is no reason – and Mr. O'Bryan offers none – why his clients' responses and objections cannot be served today and their responsive documents cannot be produced forthwith.

                                                Respectfully submitted,

                                                /s/ Jonathan J. Lerner
                                                Jonathan J. Lerner

cc:    All counsel (via ECF)

---

[2] Although Mr. O'Bryan claims "the documents in our possession are confidential and protected as a matter of statute" (O'Bryan Letter at 2), he neither proposed nor even mentioned a confidentiality order prior to today's letter. In all events, since we executed a confidentiality stipulation earlier today, this issue is moot.

# Exhibit A

```
                                                                    1

 1                       UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF NEW YORK
 2

 3   - - - - - - - - - - - - - - - - - X

 4   RODRIGUEZ,                         :      10-CV-4661

 5              Plaintiff,              :

 6              v.                      :      United States Courthouse
                                               Brooklyn, New York
 7   ADMINISTRATION FOR CHILDREN'S      :
     SERVICES, et al.,
 8                                      :      October 14, 2011
                Defendants.                    11:30 o'clock a.m.
 9                                      :

10   - - - - - - - - - - - - - - - - - X

11
     - - - - - - - - - - - - - - - - - X
12
     ALFORD, et al.,                    :      11-CV-01583
13
                Plaintiffs,             :
14
                v.                      :      United States Courthouse
15                                             Brooklyn, New York
     ADMINISTRATION FOR CHILDREN'S      :
16   SERVICES, et al.,
                                        :      October 14, 2011
17              Defendant.                     11:30 o'clock a.m.
                                        :
18
     - - - - - - - - - - - - - - - - - X
19

20              TRANSCRIPT OF ORAL ARGUMENT
                BEFORE THE HONORABLE JOHN GLEESON
21              UNITED STATES DISTRICT JUDGE.

22
     APPEARANCES:
23
     For the Plaintiff P.A., Jr.:        JONATHAN J. LERNER, ESQ.
24                                       PATRICK G. RIDEOUT, ESQ.
                                         ROBERT A. FUMERTON, ESQ.
25


                 ANTHONY M. MANCUSO,  CSR   OFFICIAL COURT REPORTER
```

```
                                                                2

  1    For the Plaintiff J.A.:         JAMES R. LAMBERT, ESQ.

  2    For the Plaintiff Rodriguez:    ROBERT A. OSUNA, ESQ.

  3
       For the Defendant ACS:          SUZANNE M. HALBARDIER, ACC
  4

  5    For the Defendant St. Vincent:  CHARLES E. O'BRYAN, ESQ.

  6

  7
       Court Reporter:                 Anthony M. Mancuso
  8                                    225 Cadman Plaza East
                                       Brooklyn, New York 11201
  9                                    (718) 613-2419

 10

 11    Proceedings recorded by mechanical stenography, transcript
       produced by CAT.
 12

 13

 14

 15            (Case called; both sides ready.)

 16            THE COURT:  Good morning, everybody.

 17            We've got motions to dismiss three separate

 18    complaints.  Why don't we deal with the complaint brought by

 19    the child, pro bono counsel, first.  Okay.

 20            And counsel for the father and for Rodriguez, have a

 21    seat.  We'll get to you afterwards.

 22            Do you want to be heard?

 23            MS. HALBARDIER:  Your Honor, if you want us to go

 24    through a full oral argument, we will.  I understand there has

 25    been time constraints today.  I don't want to take up too much
```

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1  appropriate to act in that way.
2          We'll get to a point when they are not accepted as
3  true at face value, and perhaps deal in a more searching way
4  on a Rule 56 motion as to whether one our more of them are
5  qualifiedly immuned.
6          But if the terms of the conduct that occurred on the
7  evening that Ms. Rodriguez called ACS and the daughter was
8  removed and then subsequently her son was removed from the
9  custody of her sister, if the facts surrounding the removal of
10 PA and the facts surrounding the statements and alleged
11 misrepresentations made to the Court the next day and the
12 facts surrounding the handling of what is alleged to be an
13 obvious inappropriate, horrific placement are considered true,
14 I don't see how anyone could benefit from a defense of
15 qualified immunity.  So, it's too intensely fact-bound, and
16 the facts will need further development.
17         So, except as otherwise stated, the motions as
18 against PA complaint, the motions as against PA's complaint,
19 are denied.
20         Why don't we handle the father's complaint?
21         MR. LERNER:  Thank you, your Honor.
22         THE COURT:  It's hard to tell from your complaint
23 who is alleged to have done what you name, all these people,
24 but you don't say what they did.
25         MR. LAMBERT:  Judge, we have already agreed to