# Skadden, Arps, Slate, Meagher & Flom llp

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

(212) 735-2550

DIRECT FAX

(917) 777-2550

EMAIL ADDRESS

Jonathan.Lerner@SKADDEN.COM

FIRM/AFFILIATE OFFICES

———

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 8, 2011

**BY ECF**

Honorable Steven M. Gold

United States Chief Magistrate Judge

United States District Court

225 Cadman Plaza East

Brooklyn, New York 11201

RE:  *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

Pursuant to Paragraph 2.A of Your Honor's Individual Practices and Local Rule 37.3(c), we write to inform the Court that St. Vincent's Services, Inc., Carline Anderson and Zoila Villalta (collectively, "St. Vincent's Defendants") have failed and refused to comply with the discovery Orders issued by Your Honor at the November 28 conference. We specifically called to the St. Vincent's Defendants' attention their continuing failure to comply with the Court's direction to correct their initial Rule 26(a) disclosures and their failure to engage in rolling productions on December 2, as directed by this Court. In response, Mr. O'Bryan simply ignores this Court's orders and categorically denies any obligation to produce documents until December 19.

Despite the Court's express direction at the November 28 conference, the St. Vincent's Defendants have failed to supplement their Rule 26(a)(1)(A)(ii) disclosures and utterly ignored our request that they do so. As Your Honor may recall, the St. Vincent's Defendants' initial Rule 26(a) Disclosures simply invoked Social Services Law 372 as an objection and failed to provide any of the information required by Rule 26(a)(1)(A)(ii), including, *inter alia*, a copy or description by category and location of all documents, electronically stored information and

Hon. Steven M. Gold
December 8, 2011
Page 2

tangible things in its possession. See Fed. R. Civ. P. 26(a)(1)(A)(ii).[1]  After we specifically raised this deficiency at the discovery conference, this Court overruled the St. Vincent's Defendants' objection based on Social Services Law 372 and explicitly ordered them to address this in a supplemental disclosure by Monday, December 5:

> MR. LERNER: And with respect to the other requirement of 26(a) to provide a copy or description by category and location, et cetera, all he's provided me with was
>
> THE COURT: Well, he had an objection that was based on the state statute which I overruled today. So I'll ask you to revisit your document identification as well within the same week. Thank you, Mr. O'Bryan.
>
> MR. O'BRYAN: Sure.

(11/28/11 Tr. at 26:23-27:6.)

Although Mr. O'Bryan represented to Your Honor that he would comply with this express instruction, their Supplemental Rule 26(a) Disclosure fails even to mention the Rule 26(a)(1)(A)(ii) requirement, let alone identify any documents or description of categories and locations of such documents.[2]  On December 6, 2011, we wrote to counsel to raise the issue of his clients' continued deficiency (see Ex. C).  The obfuscatory response, which does not even purport to address their failures under this Rule (see Ex. D), convinced us further discussions would be unavailing and unproductive.

Of similar ilk is the response to our complaint about the St. Vincent's Defendants' failure to commence a "rolling production" of responsive documents on December 2, as directed by this Court.  In contravention of this Court's Minute Order requiring them to commence rolling productions of all categories of documents by December 2, including, but not limited to, "personnel files" of the St. Vincent's Defendants,[3] they produced only certain personnel files on December 2 – even

---

[1] A true and correct copy of the St. Vincent's Defendants initial Rule 26(a) Disclosures is attached hereto as Exhibit A.

[2] A true and correct copy of the St. Vincent's Defendants' Supplemental Rule 26(a) Disclosure is attached hereto as Exhibit B.

[3] (See 11/29/11 Minute Order ("rolling production of defendants' documents will begin on Friday, December 2 and shall include personnel files) (emphasis added).)

Hon. Steven M. Gold
December 8, 2011
Page 3

though they were able to assemble and improperly submit an impressive array of internal documents pertinent to the placement of P.A. in support of their 12(b)(6) motion. We think the Court was pellucid in instructing Mr. O'Bryan that the personnel files (which were raised by Mr. O'Bryan, not us) were not "the" production, but merely one part of it. In response to our letter, the St. Vincent's Defendants claim they are not obligated to produce additional materials until December 19 and even appear to blame the Court. (Ex. D at 2 (". . . although Magistrate Gold misidentified the application for an extension of time in which to respond to the remaining discovery requests as one made by the City – in fact the application by this office preceded the City – the extension was granted to all parties. All discovery will, in fact, be provided by December 19, 2011 as directed by Magistrate Gold.").)

We previously observed that the St. Vincent's Defendants appear to view this Court's orders and the Federal Rules of Civil Procedure as mere suggestions. Now, we think we gave them too much credit. We respectfully submit that Mr. O'Bryan's repudiation of Your Honor's discovery orders and his evasive response to our letter demonstrate that his delay is willful and contumacious. We respectfully request this Court order the St. Vincent's Defendants to immediately (1) provide adequate supplemental Rule 26 disclosures; (2) commence production of all outstanding responsive documents; and (3) produce for a 30(b)(6) deposition the St. Vincent's Defendants' representative most knowledgeable about the efforts to produce documents in response to P.A.'s discovery requests.

Respectfully submitted,

/s/ Jonathan J. Lerner
Jonathan J. Lerner

cc:

Suzanne M. Halbardier
BARRY, McTIERNAN & MOORE
2 Rector Street, 14th Floor
New York, New York 10006
*Counsel for the City Defendants*

Charles O'Bryan
JONES HIRSCH CONNORS & BULL P.C.
One Battery Park Plaza
New York, New York 10004
*Counsel for the St. Vincent's Defendants*

Hon. Steven M. Gold
December 8, 2011
Page 4

Robert Osuna
LAW OFFICE OF ROBERT OSUNA, PC
11 Park Place, Suite 600
New York, New York 10007
*Counsel for Plaintiff Jennifer Rodriguez*

James Lambert
THE LAW FIRM OF JAMES R. LAMBERT
1491 Richmond Road
Staten Island, New York 10304
*Counsel for Plaintiff Patrick Alford, Sr.*

# Exhibit A

6100-16617

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
P.A., JR. an infant minor,                    10-CV-04661 (JG)(SMG)

                Plaintiff,         **RULE 26(a) INITIAL
                                              DISCLOSURES OF
       -against-                       DEFENDANTS ST. VINCENT'S
                                              SERVICES, INC., CARLENE
CITY OF NEW YORK; JOHN MATTINGLY,             ANDERSON, and ZOILA
individually and in his capacity as           VILLALTA**
Commissioner of the Administration for
Children's Services, DEBORAH PRIDE,
individually and in her capacity as
a Child Protective Specialist for the
Administration for Children's Services;
NATALIA ROSADO, individually and in her
capacity as a Child Protective Specialist
for the Administration for Children's
Services; ROSA SOSA, individually and
in her capacity as a Child Protective
Specialist for the Administration for
Children's Services; ROBERT SALEMI,
individually and in his Capacity as a
Supervisor of Child Protective Specialists
for the Administration for Children's
Services; ZANETTE SARGEANT, individually
and in her capacity as a Child Evaluation
Specialist for the Administration for
Children's Services; ST. VINCENT'S
SERVICES, INC.; CARLINE ANDERSON,
individually and in her capacity as a
caseworker for St. Vincent's Services,
Inc.; and ZOILA VILLALTA, individually
and in her capacity as a supervisor for
St. Vincent's Services, Inc.,

              Defendants.
------------------------------------X

C O U N S E L O R S:

    Pursuant to Fed.R.Civ.P. 26(a)(1) defendants

**ST. VINCENT'S SERVICES, INC. s/h/a ST. VINCENT'S SERVICES,**

**INCORPORATED ("ST. VINCENT'S"), CARLENE ANDERSON, and ZOILA**

**VILLALTA,** hereby submit to plaintiff P.A., JR. an infant

minor certain information (set forth below) and documents in its possession, custody and control that may be responsive to Fed.R.Civ.P. 26(a)(1).

This information and these documents constitute the Rule 26(a) initial disclosures of defendants ST. VINCENT'S, CARLENE ANDERSON, and ZOILA VILLALTA. This initial disclosure is based upon the information that is reasonably available to defendants ST. VINCENT'S, CARLENE ANDERSON, and ZOILA VILLALTA at the present time.

Defendants ST. VINCENT'S, CARLENE ANDERSON, and ZOILA VILLALTA reserve their rights to supplement and/or amend this disclosure up to, through and including the time of trial pursuant to Fed.R.Civ.P. 26(a) and the Local Rules of the Eastern District of New York.


**A.  Name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support their claims, unless solely for impeachment, identifying the subject of the information**

Upon information and belief, there are no witnesses, other than the parties, which these answering defendants intend to call at this time.

2

**B.**   **A copy, or description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party or that the disclosing party may use to support its claims or defenses, <u>unless solely for impeachment</u>**

Subject to a confidentiality agreement and an Order of this Court these defendants respond that documents in their possession are subject to the provisions of §372 of the Social Services Law of New York, which provides that records generated from the receipt, acceptance, or admission of any child for foster care, whether temporary or permanent, must be and "...<u>shall be deemed confidential and shall be safeguarded from coming to the knowledge of and from inspection or examination by any person other than the one authorized...</u> after a notice for all interested persons <u>and a hearing</u> to receive such knowledge or to make such inspection or examination...." (Emphasis added). The statutes require both a Court Order and an *in camera* review of the documents. The stated purpose of a statutes are to protect against the dissemination of confidential information to third parties.

3

C.   **A computation of damages claimed**
     **by the disclosing party**

These defendants are not responsible for such

computation.

D.   **Insurance agreements**

To be provided.

Dated:      New York, New York
            October 4, 2011

                              **JONES HIRSCH CONNORS & BULL P.C.**

                    By:   *Charles E. O'Bryan*
                          Charles E. O'Bryan, Esq.(CEO-4505)
                          Attorneys for Defendants
                          **ST. VINCENT'S SERVICES, INC. s/h/a**
                          **ST. VINCENT'S SERVICES,**
                          **INCORPORATED, CARLENE ANDERSON,**
                          **and ZOILA VILLALTA**
                          One Battery Park Plaza
                          New York, New York  10004
                          (212) 527-1000

TO:  **SKADDEN ARPS SLATE MEAGHER**
     **& FLOM LLP**
     Attorneys for **Plaintiff, P.A., JR.**
     Four Times Square
     New York, New York 10036
     (212) 735-3000
     Attn: Jonathan J. Lerner, Esq.

                                    4

LAW OFFICES OF ROBERT OSUNA, P.C.
Attorneys for **Plaintiff Jennifer Rodriguez**
11 Park Place, Suite 600
New York, New York  10007
(212) 233-1033

LAW OFFICES OF AMBROSE W. WOTORSON, JR.
Attorneys for **Plaintiff Jennifer Rodriguez**
26 Court Street
Brooklyn, New York  11242-1118
(718) 797-4861

LAW FIRM OF JAMES R. LAMBERT, ESQ.
Attorney for **Plaintiff Patrick Alford, Sr. and "J.A."**
1491 Richmond Road
Staten Island, New York  10304
(718) 667-5000

BARRY McTIERNAN & MOORE
Attorneys for **Defendants CITY OF NEW YORK,
OMAR LOFTON, ROBERT SALEMI, NATALIA ROSADO,
ZANETTE SARGEANT, SHARICE SCOTT, EMMANUEL
OKON, and JAKE NIXON, JR.**
2 Rector Street
New York, New York  10006
(212) 313-3606
**Attn:  Suzanne M. Halbardier, Esq.**

KRAL CLERKIN REDMOND RYAN PERRY & VAN ETTER
Attorneys for Defendants **KATHLEEN BENITEZ and MARIA PENA**
538 Broadhollow Road, Suite 200
Melville, New York 11747
(631) 414-7930
**Attn: Thaddeus J. Rozanski**

<u>VIA CERTIFIED and REGULAR MAIL</u>
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York  11239

833671

5

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK   )

    DEBORAH McINTOSH-LeCONTE, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in KINGS County, New York.

    On the 4th day of October, 2011, deponent served the within

    **RULE 26(a) INITIAL DISCLOSURES OF DEFENDANTS ST. VINCENT'S SERVICES, INC., CARLENE ANDERSON, and ZOILA VILLALTA**

upon:

    **LAW OFFICE OF ROBERT OSUNA, P.C.**
    Attorneys for **Plaintiff Jennifer Rodriguez**
    11 Park Place, Suite 600
    New York, New York  10007
    (212) 233-1033

    **LAW OFFICES OF AMBROSE W. WOTORSON, JR.**
    Attorneys for **Plaintiff Jennifer Rodriguez**
    26 Court Street
    Brooklyn, New York  11242-1118
    (718) 797-4861

    **LAW FIRM OF JAMES R. LAMBERT, ESQ.**
    Attorney for **Plaintiff Patrick Alford, Sr. and "J.A."**
    1491 Richmond Road
    Staten Island, New York  10304
    (718) 667-5000

    **SKADDEN, ARPS, SLATE, MEAGHER**
     **& FLOM LLP**
    Attorneys for **Plaintiff, P.A., JR.**
    Four Times Square
    New York, New York 10036
    (212) 735-3000
    **Attn: Jonathan J. Lerner, Esq.**

BARRY McTIERNAN & MOORE
Attorneys for Defendants CITY OF NEW YORK,
OMAR LOFTON, ROBERT SALEMI, NATALIA ROSADO,
ZANETTE SARGEANT, SHARICE SCOTT, EMMANUEL
OKON, and JAKE NIXON, JR.
2 Rector Street
New York, New York  10006
(212) 313-3606
Attn:  Suzanne M. Halbardier, Esq.

KRAL CLERKIN REDMOND RYAN PERRY & VAN ETTER
Attorneys for Defendants KATHLEEN BENITEZ and MARIA PENA
538 Broadhollow Road, Suite 200
Melville, New York 11747
(631) 414-7930
Attn: Thaddeus J. Rozanski

VIA CERTIFIED and REGULAR MAIL
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York  11239

at the addresse(s) designated by said attorney(s) for that
purpose by depositing a true copy of same enclosed in a postpaid
properly addressed envelope in an official depository under the
exclusive care and custody of the United States Postal Service
within the State of New York.

_Deborah McIntosh_

DEBORAH McINTOSH-LeCONTE

Sworn to before me this
4TH day of October 2011

_Lynel J. Taylor-Dunkins_
Notary Public

LYNEL J. TAYLOR DUNKINS
Notary Public, State of New York
No. 01TA6191081
Qualified in New York County
Commission Expires Aug. 4, 2012

B3866-807031.1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LIBLADA MORAN
130 Vandalia Ave
11B
Brooklyn NY 229

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7005 0390 0006 6228 0295

PS Form 3811, February 2004   Domestic Return Receipt   6100-166/7   102595-02-M-1540

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
P.A., JR. an infant minor,                    10-CV-04661 (JG)(SMG)

                    Plaintiff,        **SUPPLEMENTAL RULE 26(a)**
                                      **DISCLOSURES OF**
              -against-              **DEFENDANTS ST. VINCENT'S**
                                      **SERVICES, INC., CARLENE**
CITY OF NEW YORK; JOHN MATTINGLY,     **ANDERSON, and ZOILA**
individually and in his capacity as   **VILLALTA**
Commissioner of the Administration for
Children's Services, DEBORAH PRIDE,
individually and in her capacity as
a Child Protective Specialist for the
Administration for Children's Services;
NATALIA ROSADO, individually and in her
capacity as a Child Protective Specialist
for the Administration for Children's
Services; ROSA SOSA, individually and
in her capacity as a Child Protective
Specialist for the Administration for
Children's Services; ROBERT SALEMI,
individually and in his Capacity as a
Supervisor of Child Protective Specialists
for the Administration for Children's
Services; ZANETTE SARGEANT, individually
and in her capacity as a Child Evaluation
Specialist for the Administration for
Children's Services; ST. VINCENT'S
SERVICES, INC.; CARLINE ANDERSON,
individually and in her capacity as a
caseworker for St. Vincent's Services,
Inc.; and ZOILA VILLALTA, individually
and in her capacity as a supervisor for
St. Vincent's Services, Inc.,

                    Defendants.
------------------------------------X

**C O U N S E L O R S:**

     Pursuant to Fed.R.Civ.P. 26(a)(1)(1)(A)(i) defendants

**ST. VINCENT'S SERVICES, INC. s/h/a ST. VINCENT'S SERVICES,**

**INCORPORATED ("ST. VINCENT'S"), CARLENE ANDERSON, and ZOILA**

**VILLALTA,** hereby supplement their prior responses and

submit to plaintiff P.A., JR. an infant minor, certain
information (set forth below) and documents in its
possession, custody and control that may be responsive to
Fed.R.Civ.P. 26(a)(1) in compliance with the Order of
Magistrate Steven Gold, issued on November 28, 2011.

This information and these documents constitute the
Rule 26(a) initial disclosures of defendants **ST. VINCENT'S,
CARLENE ANDERSON, and ZOILA VILLALTA**.  This supplemental
disclosure is based upon the information that is reasonably
available to defendants **ST. VINCENT'S, CARLENE ANDERSON,
and ZOILA VILLALTA** at the present time.

Defendants **ST. VINCENT'S, CARLENE ANDERSON, and ZOILA
VILLALTA** reserve their rights to supplement and/or amend
this disclosure up to, through and including the time of
trial pursuant to Fed.R.Civ.P. 26(a) and the Local Rules of
the Eastern District of New York.

A.   **Name and, if known, the address and
     telephone number of each individual likely
     to have discoverable information that the
     disclosing party may use to support their
     claims, unless solely for impeachment,
     <u>identifying the subject of the information</u>**

These answering defendants supplement the previous
response by noting the identification of persons who may

2

possess discoverable information that will be used to support the defense of these answering defendants:

| Individual | Title |
|---|---|
| Carlene Anderson<br>St. Vincent's Services, Inc.<br>66 Boerum Place<br>Brooklyn, NY 11201 | Placement and supervision of P.A. |
| Zoila Villalta<br>St. Vincent's Services, Inc.<br>66 Boerum Place<br>Brooklyn, NY 11201 | Placement and supervision of P.A. |
| Librada Moran<br>130 Vandalia Avenue, 11B<br>Brooklyn, NY 11239 | Placement and supervision of P.A. |
| Patrick Alford, Sr.<br>1138 Blake Avenue<br>Brooklyn, NY 11208 | Placement and supervision of P.A. |
| Blanca Toledo<br>Address unknown | Removal, placement and supervision of P.A. |
| Dr. Eugene Plotnick<br>St. Vincent's Services, Inc.<br>66 Boerum Place<br>Brooklyn, NY 11201 | P.A.'s condition and mental-health needs |
| J.A., a minor<br>1138 Blake Avenue<br>Brooklyn, NY 11208 | Placement and supervision of P.A. |
| P.A., a minor,<br>Current address unknown | Placement and supervision of P.A. |

D.    **Insurance agreements**

Annexed hereto are the relevant insurance agreements:

Primary Policy: (Bates-stamp # SVS0000 through SVS00159;

Excess information: (Bates-stamp # SVS01614 through

SVS01617).

Dated:    New York, New York
          December 2, 2011

                              JONES HIRSCH CONNORS & BULL P.C.


                       By:    *Charles E. O'Bryan*
                              Charles E. O'Bryan, Esq.(CEO-4505)
                              Attorneys for Defendants
                              **ST. VINCENT'S SERVICES, INC. s/h/a**
                              **ST. VINCENT'S SERVICES,**
                              **INCORPORATED, CARLENE ANDERSON,**
                              **and ZOILA VILLALTA**
                              One Battery Park Plaza
                              New York, New York  10004
                              (212) 527-1000

TO:   **VIA OVERNIGHT MAIL**
      **SKADDEN ARPS SLATE MEAGHER**
      **& FLOM LLP**
      Attorneys for **Plaintiff, P.A., JR.**
      Four Times Square
      New York, New York 10036
      (212) 735-3000
      **Attn: Jonathan J. Lerner, Esq.**

      **VIA OVERNIGHT MAIL**
      **LAW OFFICES OF ROBERT OSUNA, P.C.**
      Attorneys for **Plaintiff Jennifer Rodriguez**
      11 Park Place, Suite 600
      New York, New York  10007
      (212) 233-1033

      **VIA OVERNIGHT MAIL**
      **LAW OFFICES OF AMBROSE W. WOTORSON, JR.**
      Attorneys for **Plaintiff Jennifer Rodriguez**
      26 Court Street
      Brooklyn, New York  11242-1118
      (718) 797-4861

                                    4

**VIA OVERNIGHT MAIL**
**LAW FIRM OF JAMES R. LAMBERT, ESQ.**
Attorney for **Plaintiff Patrick Alford, Sr. and "J.A."**
1491 Richmond Road
Staten Island, New York   10304
(718) 667-5000

**VIA OVERNIGHT MAIL**
**BARRY McTIERNAN & MOORE**
Attorneys for **Defendants CITY OF NEW YORK,**
**OMAR LOFTON, ROBERT SALEMI, NATALIA ROSADO,**
**ZANETTE SARGEANT, SHARICE SCOTT, EMMANUEL**
**OKON, and JAKE NIXON, JR.**
2 Rector Street
New York, New York   10006
(212) 313-3606
**Attn:  Suzanne M. Halbardier, Esq.**

**VIA CERTIFIED and REGULAR MAIL**
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York   11239


838835

5

# Exhibit C

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

——

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
Jonathan.Lerner@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 6, 2011

**BY E-MAIL**

Charles E. O'Bryan, Esq.
Jones Hirsch Connors & Bull P.C.
One Battery Park Plaza
New York, New York 10004

           RE:     *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Mr. O'Bryan:

        On behalf of P.A., Jr. ("P.A."), we write in response to your December 2, 2011 letter enclosing your clients' Supplemental Rule 26(a) Disclosures and production of certain personnel files.

        As you know, the initial Rule 26(a) Disclosures served by St. Vincent's Services, Carline Anderson and Zoila Villalta (collectively, "SVS") simply invoked Social Services Law 372 as an objection and failed to provide any of the information required by Rule 26(a)(1)(A)(ii), including, *inter alia*, a copy or description by category and location of all documents, electronically stored information and tangible things in its possession. See Fed. R. Civ. P. 26(a)(1)(A)(ii). This deficiency specifically was addressed at the discovery conference held on November 28, 2011, and you were explicitly instructed by Chief Magistrate Judge Gold to address this failure in a Supplemental Disclosure by Monday, December 5, 2011. (See 11/28/11 Tr. at 26:23-27:6.) Despite this ruling, the Supplemental Disclosure completely fails to address this deficiency.

        Also, pursuant to the Court's Minute Order dated November 29, 2011, SVS was ordered to commence a rolling production of <u>all</u> categories of documents by Friday, December 2, 2011, and such production was to "include" – but not be

Charles E. O'Bryan, Esq.
December 6, 2011
Page 2

limited to – any "personnel files." (See 11/29/11 Minute Order (dkt. no. 165) ("rolling production of defendants' documents will begin on Friday, December 2 and shall include personnel files") (emphasis added).) Although we received selected documents from you, they appear to consist only of personnel files.[1]  The personnel files were not to be "the" production, but were to comprise only one small "part" of SVS's document production.

It is abundantly clear that SVS reviewed a significant number of documents pertaining to P.A.'s placement and foster care in connection with the dismissal motion and was able to provide myriad selective documents to Judge Gleeson approximately three months ago when SVS found it expedient to do so.  The deadline for producing these documents has now past and they are currently overdue.

Under these circumstances, it appears that SVS is continuing to unilaterally delay document production in deliberate contempt of Judge Gold's Order.  Unless we are advised by 12:00 noon tomorrow, December 7, 2011, that you will promptly (1) provide the supplemental Rule 26(a) disclosure containing the requisite information under Rule 26(a)(1)(A)(ii), and (2) commence production of all outstanding responsive documents (including complete personnel files), we will have no choice but to bring this matter to Judge Gold's attention and seek immediate relief, including the possible ordering of an immediate Rule 30(b)(6) witness to describe SVS' review of, and search for, responsive documents.

Very truly yours,

/s/ Jonathan J. Lerner
Jonathan J. Lerner

---

[1]  Even a cursory review of the personnel files you produced reveals that they are incomplete.  For example, the personnel file of Ms. Carline Anderson contains only one employee evaluation despite her employment with St. Vincent's Services for over five years.  Similarly, the personnel file of Ms. Zoila Villalta contains no employee evaluations at all.  We also note that the personnel files you produced on December 2, 2011 begin at Bates number SVS 01618, suggesting you have already Bates stamped many pages of documents that you have withheld without explanation.

# Exhibit D

# JONES HIRSCH CONNORS & BULL P.C.
## ONE BATTERY PARK PLAZA
### NEW YORK, NEW YORK 10004

TELEPHONE: (212) 527-1000
FACSIMILE: (212) 527-1680

NEW YORK

MINEOLA

WRITER'S EMAIL

cobryan@jhcb.com

Charles E. O'Bryan
Principal

CONNECTICUT

NEW JERSEY

WRITER'S DIRECT
DIAL NUMBER

(212) 527-1621

December 7, 2011

VIA E-MAIL jonathan.lerner@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036-6522
Attn: Jonathan J. Lerner, Esq.

Re:   Rodriguez/Alford v. St. Vincent's
      Services, et al
      Docket No.:   10-CV-4661  (JG)
      Our File No.:        06100-16617

Dear Mr. Lerner:

This will serve to acknowledge receipt of your e-mail sent
last night at 8:31 P.M. relative to our Supplemental Rule 26(a)
disclosure regarding the insurance coverage information and the
personnel files.

With respect to the items you raised regarding the personnel
folders of Ms. Anderson and Ms. Villata, I have contacted my
client to ascertain whether, in the case of Ms. Anderson, there
were any additional employee evaluations, and with regard to
Ms. Villalta whether any evaluations were performed.

We have been informed by our client that these are the
complete personnel files for Carlene Anderson and Zoila Villalta
maintained in the ordinary course of business.

Of course, you are aware that the personnel files of
Ms. Anderson and Ms. Villalta were provided, not as part of the
Supplemental Rule 26 Disclosure, but in further response to
Request No. 26 of Skadden's "First Request for the Production of
Documents". The inclusion of the personnel files with the

Jonathan J. Lerner, Esq.          -2-          December 7, 2011

Supplemental Disclosure may have caused the apparent confusion.
The time for submission of discovery responses by all parties has
been extended to December 19, 2011.

The numbering of the documents is not, as you imply,
indicative of any attempt to "withhold without explanation"
documentation.

With regard to the responses to Interrogatories, First Set
of Document Requests, etc., although Magistrate Gold
misidentified the application for an extension of time in which
to respond to the remaining discovery requests as one made by the
City - in fact the application by this office preceded that of
the City - the extension was granted to all parties.  All
discovery will, in fact, be provided by December 19, 2011 as
directed by Magistrate Gold.  (See 11/29/11 Minute Order (Dkt.
No. 165)).

                    Very truly yours,

                    Charles E. O'Bryan

                    Charles E. O'Bryan

CEO/dml

839389