SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 20, 2012

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: <u>P.A., Jr. v. City of New York, et al.</u>, 10-CV-04661

Dear Judge Gold:

    Pursuant to Your Honor's request at the November 28, 2011 Conference, we respectfully submit on behalf of P.A., Jr. ("P.A.") a proposed agenda for the discovery conference presently scheduled for January 27, 2012. Counsel for all parties conferred telephonically on January 19, 2012 about certain discovery failures that we identified prior to the call (the "January 19 Teleconference"). Although counsel for the City Defendants and the St. Vincent Defendants have agreed to inform us by early next week of their position with respect to such failures, we wish to place them on the proposed agenda in the event they are not remedied and require the Court's attention at the January 27 Conference.

**1.**   **Failure to Preserve, Harvest and
Produce Electronically Stored Information**

    Defendants apparently failed to preserve, harvest, review and produce relevant electronically stored information ("ESI"), including emails of all custodians of potentially relevant information. To date, the City Defendants have produced a paltry sum of emails, none of which appear to have been harvested electronically in connection with P.A.'s discovery requests.[1] Similarly, the St. Vincent's Defendants

---

[1] Rather, they appear to be hardcopy printouts that form part of larger case files. (*See, e.g.*, PA-ACS-

Honorable Steven M. Gold
January 20, 2012
Page 2

have produced no emails whatsoever because, as counsel has represented, they purportedly have no potentially relevant ESI.

While counsel for the City Defendants represented that a production of emails would be forthcoming, Ms. Halbardier was unable to provide critical information about how ESI was preserved or how such ESI is being harvested, reviewed and produced. Specifically, Ms. Halbardier vaguely referred to an "agency-wide sweep" of ACS emails that was conducted, but was unable to identify the custodians of the ESI that was identified during this "sweep," the date ranges employed (if any) or search terms used to identify potentially relevant documents, and the volume of responsive ESI generated by this process. The inability to provide such basic information at this stage of the litigation is troubling and prevents us from assessing whether any relevant ESI was even preserved by the City Defendants, which seems dubious given their belated litigation hold that apparently was not put in place until after Your Honor's directive at the September 27, 2011 Conference. (9/27/11 Tr. at 40:16-41:3.) Ms. Halbardier has agreed to provide by early next week information as to which custodians' ESI was preserved, harvested and searched, as well as the date limitations and search terms that were used.[2]

2. **Failure to Disclose Individuals Likely to Have Discoverable Information Pursuant to Rule 26(a)**

Our concerns with the Defendants' preservation and production of ESI are compounded by their unwillingness to comply with their obligation to disclose potential custodians of relevant documents under Federal Rule of Civil Procedure 26(a)(1), which specifically requires disclosure of:

- "the name and, if known, the address and telephone number of <u>each individual likely to have discoverable information</u>—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," and

- "<u>a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control</u> and may use to support its claims and defenses."

Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii) (emphasis added).

---

1622 (printed 3/22/2011).)

[2] Counsel for the St. Vincent's Defendants represented that we would receive confirmation that no relevant ESI exists by Monday or Tuesday next week.

A cursory review of the documents produced by the City Defendants reveals that individuals that the City Defendants knew were "likely to have discoverable information" were not disclosed to P.A. Even the ACS employee who conducted the placement of P.A. and the St. Vincent's employee who accepted such placement were omitted. During the January 19 Teleconference, Ms. Halbardier asserted that – despite the integral involvement of these individuals in one of the key events underlying P.A.'s claims (namely, the placement of P.A.) – she was not obligated under the Rules to disclose their identity or a description of all documents and ESI in their possession, custody or control because she did not believe they were "critical" or "important" witnesses. This assertion flouts the requirement that the City Defendants identify "each individual likely to have discoverable information" and only further reinforces our need to understand how the City Defendants have conducted their document preservation and collection efforts in this case.

### 3. Additional Discovery Failures

In addition to the failure to produce (and possibly preserve) relevant ESI and to disclose potentially relevant custodians, we raised several additional failures during the January 19 Teleconference that may require Your Honor's attention at the January 27 Conference; namely:

- The City Defendants' failure to produce certain documents "as they are kept in the usual course of business," or "in a reasonably usable form," in compliance with P.A.'s Rule 34 Instructions and Rule 34(b)(2)(E) – particularly, the City Defendants' production of one 2,591-page .pdf file that appears to be a conglomeration of hundreds of documents without any identification of which pages belong to which documents, and without any organization or relevant metadata.

- The City Defendants' failure to specify which specific documents (rather than which categories of documents) are responsive to which of P.A.'s Rule 34 Requests, as ordered by Your Honor. (*See* 11/28/11 Tr. at 23:16-20.)

- The City Defendants' failure to produce a privilege log conforming to the requirement of Local Rule 26.2(a)(2)(A)(ii). The City Defendants' privilege log omits any description of "the general subject matter of the document" over which privilege is being asserted.

After discussing such failures on the January 19 Teleconference, counsel for the City and St. Vincent's Defendants agreed to rectify such issues or confirm their unwillingness to do so by early next week, in which case, we respectfully request such issues be discussed at the January 27 Conference. Should the Court so request,

Honorable Steven M. Gold
January 20, 2012
Page 4


and to the extent Defendants provide prompt responses as promised, we are happy to submit a revised agenda by Wednesday, January 25, 2012. We respectfully defer to Your Honor as to whether the upcoming conference should be telephonic.

                Respectfully submitted,

                /s/ Robert A. Fumerton
                Robert A. Fumerton