# JONES HIRSCH CONNORS & BULL P.C.
### ONE BATTERY PARK PLAZA
### NEW YORK, NEW YORK 10004

TELEPHONE: (212) 527-1000
FACSIMILE: (212) 527-1680

NEW YORK

MINEOLA

WRITER'S EMAIL

CONNECTICUT

NEW JERSEY

WRITER'S DIRECT
DIAL NUMBER

cobryan@jhcb.com

(212) 527-1621

Charles E. O'Bryan
Principal

Courtesy copy, original filed by ECF, Docket No.: CV-10-4661

January 30, 2012

**BY HAND/ECF**
Honorable Steven M. Gold
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza, Room 13D
Brooklyn, New York  11201

    Re:  Rodriguez v. St. Vincent's
         Services, et al
         Civil Docket No.:  10-CV-4661

         Patrick Alford v. The City of
         New York, et al
         Civil Docket No.:  11-CV-1583
                          10-CV-04661

         P.A., Jr. v. City of New York; et al
         Civil Docket No.:  10-CV-04661

         Our File No.:       06100-16617

Dear Magistrate Gold:

    In compliance with this Court's directives at the conclusion of the proceedings conducted on December 14, 2011, we write to the Court to advise of the status of discovery, as well as discuss a recent event which will surely impact the course of the litigation.

    Counsel conducted a "meet and confer" conference, via telephone, on January 19, 2012.

Hon. Steven M. Gold                -2-           January 30, 2012

We must first bring to the Court's attention an unfortunate incident which has been reported in the media and confirmed by both counsel for the Municipal defendants and counsel for Patrick Alford, Sr. and "J.A." Specifically, on the afternoon of January 16, 2012 Patrick Alford, Sr. was shot in the head and critically wounded. He is currently hospitalized at Brookdale Hospital and, as confirmed by Mr. Lambert during the conference call of January 19th, has not regained consciousness. His condition has been listed as "critical".

The immediate affect of this unfortunate turn of events is that, at least for the foreseeable future, Mr. Alford has been rendered incompetent to proceed with this litigation. Simultaneously, his daughter, "J.A.", the co-plaintiff in this matter, now needs a guardian in order to proceed in this case. According to Federal Rule of Civil Procedure 34 a child cannot proceed or defend a lawsuit in his or her own name. What is required is a guardian.

This is brought to the Court's attention as this event must affect the course of the litigation. First, we cannot proceed with the discovery schedule as previously set since Mr. Alford cannot participate and cannot be presented for an examination before trial. These are more than mere administrative matters which must be addressed.

On a related note, Mr. Osuna, counsel for Ms. Rodriguez, has neither served nor responded to any discovery demands. On two occasions Mr. Osuna appeared before this Court and cited the illness of his mother as the reason for his non-compliance. Most recently at the appearance of December 14, 2011, he again cited his mother's illness and this Court quite graciously in once more extending his time noted that he would not be required to serve discovery demands to the extent that they would be duplicative of those issued by the other plaintiffs' counsel.

Nevertheless, at no point since the inception of the litigation has Mr. Osuna sought an extension of time in which to respond to discovery.

At the telephone conference of January 19th, Mr. Osuna requested an extension of time to January 31, 2012 to provide discovery. Ordinarily there would be no particular objection to such a request. Nevertheless, in view of the fact that discovery is proceeding and Mr. Osuna, during the course of the telephone conference, noted that there should be no impediment to the course of discovery occasioned by Mr. Alford's current condition

Hon. Steven M. Gold -3- January 30, 2012

or the need for the appointment of guardians for father and daughter, we would put to the Court the notion that objecting to the total absence of discovery being provided by one of the plaintiffs is not a hypertechnicality but a necessity. We do not wish to be prejudiced. If this Court grants a further extension to counsel, then the current discovery schedule should be modified to extend all deadlines.

As with our prior correspondence of November 22, 2011 to this Court in addressing the issue of what we believe was clearly a defective verification of the responses to interrogatories on behalf of P.A. Jr. (which was addressed as to P.A. Jr. by their appointment by Judge Gleeson as not only pro bono counsel but as guardian for the missing infant) there is - again - an issue of a defective verification being submitted – once again in violation of F.R.C.P. 33(b) - by Mr. Lambert the attorney and not by his client Mr. Alford. While, at least for the moment, this defect cannot be rectified given Mr. Alford's current condition, at the time these interrogatories were prepared - they are dated December 21, 2011 - we may reasonably assume that counsel was cognizant of the Federal Rules and his client was in good health.

As part of their disclosure, counsel for P.A., Jr. provided a copy of a transcript of a 50-h oral examination. It was incomplete. Specifically, the pages batestamped "P.A. JR. 00000182" and "P.A. JR. 00000183" were submitted in blank. There was no indication by counsel for P.A. JR. what, if any privilege, is being asserted. If one is being asserted we are entitled to a specification of this fact as well as a privilege log setting forth the specific basis for the claims, the nature of the allegedly privileged document withheld, as required by Fed.R.Civ.P. 26 which requires in relevant part, that the party asserting privilege, must describe the information which will enable other parties to assess the claim. Alternatively, we wish to be provided the missing pages of the transcript.

The issue of a privilege log is key since there are references within the various discovery responses on behalf of both P.A., Jr. and Mr. Alford of privileged documents without a concomitant descriptive listing.

Hon. Steven M. Gold                    -4-                January 30, 2012

    These are all matters which can be addressed in the creation of a modified discovery schedule. We would urge this Court that such a modification - particularly in light of the current condition of Mr. Alford be seriously considered.

                                      Respectfully submitted,

                                      Charles E. O'Bryan

CEO:dml

cc:  **VIA HAND/ECF**
     Honorable John Gleeson
     United States District Court
     Eastern District of New York
     225 Cadman Plaza, Room 727 S
     Brooklyn, New York  11201

     **VIA ECF**
     **LAW OFFICE OF ROBERT OSUNA, P.C.**
     Attorneys for **Plaintiff Jennifer Rodriguez**
     11 Park Place, Suite 600
     New York, New York  10007
     (212) 233-1033

     **LAW OFFICES OF AMBROSE W. WOTORSON, JR.**
     Attorneys for **Plaintiff Jennifer Rodriguez**
     26 Court Street
     Brooklyn, New York  11242-1118
     (718) 797-4861

     **LAW FIRM OF JAMES R. LAMBERT, ESQ.**
     Attorney for **Plaintiff Patrick Alford, Sr. and "J.A."**
     1491 Richmond Road
     Staten Island, New York  10304
     (718) 667-5000

Hon. Steven M. Gold -5- January 30, 2012

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Attorneys for **Plaintiff, P.A., JR.**
Four Times Square
New York, New York 10036
(212) 735-3000
**Attn: Jonathan J. Lerner, Esq.**

**BARRY McTIERNAN & MOORE**
Attorneys for **Defendants CITY OF NEW YORK, OMAR LOFTON, ROBERT SALEMI, NATALIA ROSADO, ZANETTE SARGEANT, SHARICE SCOTT, EMMANUEL OKON, and JAKE NIXON, JR.**
2 Rector Street
New York, New York 10006
(212) 313-3606
**Attn: Suzanne M. Halbardier, Esq.**

**KRAL CLERKIN REDMOND RYAN PERRY & VAN ETTER**
Attorneys for Defendants **KATHLEEN BENITEZ and MARIA PENA**
538 Broadhollow Road, Suite 200
Melville, New York 11747
(631) 414-7930
**Attn: Thaddeus J. Rozanski**

<u>VIA CERTIFIED MAIL/RRR and REGULAR MAIL</u>
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York 11239

843671