# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 10, 2012

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

During the January 27, 2012 conference (the "January 27 Conference"), the City Defendants orally raised a claim, not contained in any of the letters the Court instructed the parties to send prior to the January 27 Conference (*see* Minute Entry dated 11/29/2011, dkt. 165), that they were entitled to "claw back" an allegedly privileged document they contended was produced "inadvertently" (the "Document"). Because the issue had not been raised in any of the letters submitted to the Court, Your Honor did not have the benefit of any briefing by the parties. At the January 27 Conference, Your Honor directed us to return the Document – based solely on counsel's representation that its production was "inadvertent" (*see* Tr. at 56:14-17) – and we did so on February 1, 2012, along with a reservation of rights. We now respectfully request Your Honor reconsider the ruling that we return an allegedly privileged Document.[1]

The Court has discretion to reconsider its order where "'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Government Employees Ins. Co. v. Hollis Medical Care, P.C.*, No. 10-cv-

---

[1] As a technical matter, the City Defendants did not formally make a "motion," but the Court ruled on the issue after it was raised at the January 27 Conference. Accordingly, we respectfully request that Your Honor accept this letter in lieu of a formal motion for reconsideration.

Honorable Steven M. Gold
February 10, 2012
Page 2

4341, 2011 WL 5507426, at *3 (E.D.N.Y. Nov. 9, 2011) (*quoting Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995)).  Reconsideration is appropriate here because the Court overlooked controlling precedent detailing the elements that must be shown before a document may be clawed back as inadvertently produced – even if it was initially privileged.

In the Second Circuit, where, as here, "a disclosure of the privileged information has in fact taken place, thus destroying the confidentiality of the attorney-client communication involved[,] . . . [the privilege-claiming party has the] burden to show that its privilege was not waived through disclosure to [the opposite party].'"  *Business Integration Servs., Inc. v. AT&T Corp.*, 251 F.R.D. 121, 124 (S.D.N.Y. 2008) (third alteration in original) (citation omitted); *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 412 (S.D.N.Y. 2004) (same); *see also In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973) (Friendly, J.) ("[A]s with all privileges, the person claiming the attorney-client privilege has the burden of establishing all essential elements."); *cf. MSF Holding, Ltd. v. Fiduciary Trust Co. Int'l*, No. 03-cv-1818, 2005 WL 3338510, at *2 (S.D.N.Y. Dec. 7, 2005) (finding waiver after inadvertent disclosure where party seeking return of documents "failed to demonstrate that it took reasonable steps to prevent disclosure").

Federal Rule of Evidence 502 establishes a three-part test that must be satisfied for a waiver of the privilege not to have occurred:

> When made in a federal proceeding . . . the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b).

During the January 27 Conference, Your Honor permitted the City Defendants to claw back a purportedly inadvertently produced document without discharging this burden, thereby overlooking Rule 502(b) and this Circuit's well-settled jurisprudence.  (*See* 1/27/12 Tr. at 56:14-17.)  Accordingly, we respectfully submit that the Court overlooked settled law in this Circuit by ordering the claw back of the Document.

**<u>Inadvertence Was Not Established</u>**

With respect to the first prong of the test under Rule 502(b), it is axiomatic that "[t]he voluntary disclosure of communications protected by the

Honorable Steven M. Gold
February 10, 2012
Page 3

attorney-client privilege generally results in waiver of a claim of privilege as to those documents." *Atronic Int'l GMBH v. SAI Semispecialists of Am., Inc.*, 232 F.R.D. 160, 163 (E.D.N.Y. 2005) (*citing In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993)).  When questioned about the contents of the Document on a January 19, 2012 conference call, the City Defendants initially failed to claim the Document was inadvertently produced.  On the contrary, Ms. Halbardier, counsel for the City Defendants, informed us that she purposefully produced the document.

Evidently recognizing her admission waived any ability to claim privilege over the Document, on January 26, 2012, Ms. Halbardier contradicted her prior representation, claiming she was "joking" on the January 19 call and informing us that production of the Document *without redaction* was a result of her paralegal's error.  Of course, the assertion that this Document was intended to be redacted – as opposed to withheld entirely – on the basis of privilege is contradicted by the original and amended privilege logs, both of which were not produced until months after the production of the Document and make no mention of any such redaction – though the log differentiates between redactions and withholdings.[2]  Belatedly attempting to harmonize these contradictions, on February 3, 2012, the City Defendants produced a redacted copy of the Document that essentially redacted the entirety of the Document, leaving only the "From," "Sent," "To," "Cc" and "Subject" lines of the top email.

**No Showing of Reasonable Steps to Prevent Disclosure**

The City Defendants similarly failed to attempt to meet, much less meet, their burden to show that they "took reasonable steps to prevent disclosure," or that they "promptly took reasonable steps to rectify the error," as required by FRE 502.  *See* Fed. R. Evid. 502(b).

---

[2] Despite the clear requirements of Local Civil Rule 26.2, which states that "[w]here a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court" (Local Civil Rule 26.2(b)), the City Defendants did not furnish a privilege log until January 18, 2012.  Moreover, the City Defendants' January 18 privilege log did not conform to the requirements of Local Civil Rule 26.2, and it was not until February 3, 2012 that the City Defendants furnished a conforming privilege log—nearly two months after disclosing the Document.  Although we do not presently move on this ground, we note that it is well-settled in the Second Circuit that failure to produce a privilege log in a timely and proper manner operates as a waiver of any applicable privilege.  *See FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, No. 01-cv-8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar. 8, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege."); *accord In re Chevron Corp.*, 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010).

Honorable Steven M. Gold
February 10, 2012
Page 4

**Conclusion**

   In light of the foregoing, we respectfully submit that by ruling that the Document should be returned without any record evidence to sustain the elements required in the Second Circuit, the Court overlooked controlling precedent. As such, reconsideration is appropriate. S*ee Government Employees Ins. Co.*, 2011 WL 5507426, at *3. We respectfully request that, because counsel for the City Defendants has not made (and cannot make) the required showings under Rule 502(b) and this Circuit's jurisprudence, the Court reverse its directive at the January 27 Conference and order the City Defendants to reproduce the clawed back Document to us.

                Respectfully submitted,


                /s/ Jonathan J. Lerner
                Jonathan J. Lerner

cc: All Counsel (via ECF)