UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JENNIFER RODRIGUEZ, and P.A., Jr.,              :
                                                :
                       Plaintiffs,              :
                                                :           <u>ORDER</u>
              -against-                         :           10-CV-4661 (JG)
                                                :
ADMINISTRATION FOR CHILDREN'S SERVICES,         :
CITY OF NEW YORK, ET AL.,                       :
                                                :
                       Defendants.              :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      During a conference held on January 27, 2012, the City Defendants requested that they be permitted to "claw back" a privileged document that they claimed they inadvertently produced to plaintiffs. After hearing from both sides, I granted the City Defendants' application. Plaintiff P.A., Jr., has moved for reconsideration of my ruling. Docket Entry 186.

      A party moving for reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Moreover, a motion to reconsider should be denied "where the moving party seeks solely to relitigate an issue already decided." *Id.*

      Plaintiff points to no controlling decisions or facts that I overlooked in my original decision. Plaintiff cites to Federal Rule of Evidence 502(b), which was also raised at the conference. Docket Entry 186; Transcript of 1/27/12 Conference ("Tr.") 56, Docket Entry 185. Counsel for City Defendants stated that the disclosure was inadvertent and she requested its return after learning of the disclosure. Tr. 55-56. In light of the volume of documents produced

in this case, I am satisfied that disclosure of the document at issue was a simple mistake.

Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 16, 2012

*U:\eoc 2012\rodriguez 021612.docx*