```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JENNIFER RODRIGUEZ, and P.A., Jr.,              :
                                                :
                        Plaintiffs,             :
                                                :                   ORDER
        -against-                               :                   10-CV-4661 (JG)
                                                :
ADMINISTRATION FOR CHILDREN'S SERVICES,         :
CITY OF NEW YORK, ET AL.,                       :
                                                :
                        Defendants.             :
------------------------------------------------------------------ x
```

GOLD, STEVEN M., U.S.M.J.:

I last held a conference in this case on January 27, 2012. Shortly before the conference, I was informed that Patrick Alford, who sues in his own name and as guardian for J.A., had been shot. Mr. Alford was in a coma at the time the conference was held and his prognosis was not known. Tr. of January 27, 2012, Docket Entry 185 ("Tr."), at 6. While Mr. Alford's condition has since improved, he remains hospitalized and has limited ability to speak. Letter of February 28, 2012, Docket Entry 190.

Certain defendants argued at the conference that discovery should be stayed for at least thirty days while Mr. Alford was incapacitated. I denied that application because, among other reasons, Mr. Alford's testimony was likely to be of only secondary relevance and because it was impossible to know whether and when Mr. Alford might be well enough to testify. Tr. at 13-15.

By letter dated February 22, 2012, defendant St. Vincent's Services Inc. seeks reconsideration of my ruling. Docket Entry 189. A party moving for reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Moreover, a

motion to reconsider should be denied "where the moving party seeks solely to relitigate an issue already decided." *Id.*

Defendant does not point to any matters overlooked when I originally denied its application for a stay. Indeed, the only new facts pointed out by defendant are that Mr. Alford is scheduled to have surgery in two to three months and will first need to undergo traumatic brain injury therapy. These facts suggest that it will be some time, if ever, before Mr. Alford will be well enough to answer questions at a deposition. Although defendant argues that it has a right to depose Mr. Alford if and when he is able, that argument provides no basis for a stay. If and when the time comes that Mr. Alford is able to be deposed, all parties will be given the opportunity to take his deposition. I see no reason to delay discovery until then, and defendant St. Vincent's has not identified one.

Accordingly, the motion for reconsideration is denied.

**SO ORDERED.**

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 29, 2012

*U:\eoc 2012\rodriguez 022812.docx*

2