## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 5, 2012

**VIA ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *P.A., Jr. v. City of New York, et al.*, 10-CV-04661

Dear Judge Gold:

On behalf of P.A., Jr. ("P.A."), and pursuant to Paragraph 2.A of Your Honor's Individual Practices and Local Civil Rule 37.3, we respectfully submit this letter in opposition to the City's improper letter request, dated March 1, 2012 (the "City Letter"), seeking a pre-motion conference regarding the City's objection to the Notice of Deposition served by P.A. (the "Notice").

As a threshold matter, the City's Letter contravenes Federal Rule of Civil Procedure 26(c)(1) and Local Civil Rule 37.3(a). The City belatedly filed its Letter without conferring with us concerning its objection to the Notice and without filing the obligatory "certification that the [City] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Accordingly, the City's accusation that we failed to confer in good faith is chutzpah, to say the least.

On substance, the City "doth protest too much, methinks." Hamlet, Act III, Sc. 2. The City's request for a protective order is its latest attempt to prevent P.A. from obtaining necessary information that the City is expressly mandated to disclose under Federal Rule of Civil Procedure 26 and this Court's Orders. After admitting that it failed to put a litigation hold in place for <u>almost two years after P.A. disappeared</u>, the City has struggled at every turn to convince the Court (and us) that electronically-stored information ("ESI") is irrelevant here:

Honorable Steven M. Gold
March 5, 2012
Page 2

> . . . I'm not sure how much foster care litigation the other side has done, but I've done a lot of cases on behalf of the City of New York. These cases are not electronic document driven.

(1/27/2012 Tr. at 42:21-24.)  With all due respect, Ms. Halbardier's self-serving opinion in her Letter that this case will be not be "electronic document driven" is hardly a basis to stonewall e-discovery – or our effort to determine the adverse impact of the City's admitted dereliction.[1]

The City's Letter does not even attempt to satisfy the required showing that "good cause" exists to protect the City from "annoyance, embarrassment, oppression, or undue burden or expense," mandated by Federal Rule of Civil Procedure 26(c)(1).  Instead, the City requests a protective order because it believes "[p]roceeding with depositions of relevant fact witnesses, rather than engaging in protracted ESI discovery based on a presumption of spoliation of *Zubulake* or *Pensions Committee* dimension, <u>would be a far more productive use of the parties' time</u>."  (City Letter at 5 (emphasis added).)  Of course, the City may not obtain a protective order to vindicate its view of what it would prefer the case to be about, especially where it ignored the most basic rule of e-discovery: a prompt litigation hold.  Prematurely proceeding with depositions of relevant fact witnesses before the City has produced all relevant information or even disclosed who may be in possession of such information would eviscerate Rule 26 and this Court's directions to the City as to what information must be provided.

Contrary to the City's contention, the Notice complies with Your Honor's discovery orders.  During the January 27, 2012 conference held before Your Honor (the "Conference"), Your Honor stated:

> [Counsel for P.A.] need to know whose email was available, over what date ranges, and in what kind of storage medium, and how it can be searched.  That's what they need to know.  And I use email; I mean, whose electronically-stored information is available and they need to know that with respect to all of the pertinent players.  So you'll come back to them and <u>you'll tell them, these are the people whose accounts or emails or Word documents or whatever we have.  These are the dates over which we have them</u>.

---

[1] In its zeal to avoid illuminating the damage its potential failure to preserve ESI may have caused, the City has been forced to resort to prevarication.  Its assertion that some unidentified lawyer at this firm at some unspecified time allegedly stated that we were pursuing a "'scorched earth' strategy" is a canard.  We insist she withdraw this false representation or identify who made it and when and where it was made.

Honorable Steven M. Gold
March 5, 2012
Page 3

(1/27/12 Tr. at 38:13-21 (emphasis added).) Your Honor clearly required the City to inform us of the identity of the individuals whose information it has preserved, the date ranges of the preserved information, and the storage media in which it has preserved this information. The Notice simply informs the City that, at the upcoming Rule 30(b)(6) deposition, P.A. will inquire into exactly these subjects.

The City has not attempted in good faith to comply with Your Honor's directive. Instead, the City now presents to Your Honor the same obfuscatory misreading of that directive as it has continuously presented to us: that it must only "provide information about the nature and availability of ESI for a limited set of key players." (City Letter at 2 (emphasis added).) As part of its continuing attempt to stonewall ESI discovery, the City has transmogrified Your Honor's reference to "people who are pertinent to the case'" (1/27/12 Tr. at 37:7-8) – which was intended to communicate that the City need not disclose the identify of "everyone in the agency" (id. at 37:6) – into an authorization to unilaterally and unreasonably limit discovery to people the City unilaterally deems "key players." The mischievous nature of the City's self-serving limitation is demonstrated by the fact that the so-called "key players" identified by the City are limited to the individual defendants, other than former ACS Commissioner John Mattingly, already named in P.A.'s Second Amended Complaint.[2]

The City's request for a protective order boils down to the untenable position that we should be deprived of the sworn deposition ordered by Your Honor and permitted under Rule 30(b)(6) because the City claims that it "already provided" the information we seek in a three-page letter. (City Letter at 4.) In fact, the letter does not even scratch the surface of the information to which we are entitled. In all events, the Federal Rules do not permit a party to discharge its discovery obligations through untested letters from counsel, which are no substitute for sworn testimony of a party.

We respectfully submit that the City's transparent attempt to avoid providing basic information to which P.A. is entitled should be rejected by this Court. Because the City's Letter is procedurally and substantively defective, we respectfully request that Your Honor deny the City's request for a pre-motion conference.

---

[2] Of similar ilk is the City's baseless contention that we are derelict because the City "[has] yet to hear a word from Plaintiff's counsel in response" to its request that we identify "any key players [that] had been omitted from [the City's] list." (City Letter at 3.) As should be clear from the Notice, P.A. intends to address this issue and others through the sworn deposition of the City employee most knowledgeable in this area.

Honorable Steven M. Gold
March 5, 2012
Page 4

                                                              Respectfully submitted,

                                                              /s/ Jonathan J. Lerner
                                                              Jonathan J. Lerner

cc:      All Counsel (via ECF)