# The Law Firm of
# James R. Lambert

**1491 Richmond Road**
**Staten Island, New York 10304**
**Tel. (718) 983-5050**
**Fax. (718) 983-5088**

James R. Lambert, Esq. *+

Of Counsel
Timothy M. O'Donovan, Esq.*+
Andrew J. Calcagno, Esq.*+
Michelle Lambert, Esq.+
────────────
*Admitted in New York
+Admitted in New Jersey

New Jersey Office
213 South Avenue, East
Cranford, NJ 07016
(732) 414-2561
────────────
By Appointment Only

June 12, 2012

<u>Via ECF</u>
Hon. Steven M. Gold
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>*Patrick Alford, et al v. The City of New York.*</u>
          *Docket Number: CV 11-01583*

          <u>*Rodriguez v. The City of New York*</u>
          *Docket Number: CV 10-04661*

Dear Judge Gold:

     This office represents plaintiff's Patrick Alford, Sr. and J.A. in the above referenced matter.

     We are in receipt of the Notice of Motion filed by Jonathan J. Lerner, Esq., on behalf of P.A., Jr., which seeks: 1) to compel the defendant to produce all outstanding document discovery; 2) to compel defendants to respond to interrogatories; and 3) to adjourn the depositions of the defendant's witnesses.

     We respectfully join in Mr. Lerner's request to adjourn the depositions of the defendant's witnesses until document discovery is complete and defendants serve answers to interrogatories, as we are, similarly, awaiting discovery from the defendants.

     On June 1 "The City" first responded to the "Second Set of Interrogatories" and "Third Set of Interrogatories" served by my office on April 19 and April 20[1] on behalf of plaintiffs Patrick Alford, Sr. and JA. On June 6, I wrote to counsel setting forth the deficiencies in their

---

[1] I wrote to Your Honor on June 6th advising g that "The City" had served their responses four weeks late, and requested a two week extension of time within which to bring a motion to compel, which request was granted.

Hon. Steven M. Gold
June 12, 2012
Page 2

responses. I have not yet received supplemental responses to those demands. In addition, we have joined Mr. Lerner's firm in requesting ESI, and have submitted additional search terms to "The City". No ESI has yet been produced by either defendant.

      We respectfully submit that plaintiff should not be compelled to proceed with depositions of the defendant's witnesses without first receiving complete discovery responses from the defendants. Plaintiffs should not be "penalized" for the defendant's outstanding discovery by having to conduct incomplete depositions, without the benefit of complete discovery responses, and defendants should not be "rewarded" by being given the opportunity to produce discovery *after* their witnesses have already been deposed.

      We further respectfully submit that, even allowing for the recall of the defendant's witnesses, after defendants serve their discovery responses, does not rectify the problem. Aside from the additional inconvenience and expense to the witnesses and counsel, compelling plaintiffs to conduct "partial" depositions deprives plaintiff's counsel of the ability to conduct a single, thorough, uninterrupted deposition of each witnesses, which could, potentially, lead to "contamination" of the unserved discovery responses and the future deposition testimony of the witness.

      For the foregoing reasons, we respectfully submit that plaintiff should not be compelled to proceed with depositions of the defendant's witnesses without first receiving complete discovery responses, and we join in Mr. Lerner's application to adjourn the currently scheduled depositions until discovery is complete.

                                            Respectfully,

                                      *James R. Lambert*

                                      James R. Lambert

JRL:lmr
Alford, Patrick/letter to Magistrate Steven Gold 6.12.12
cc:  All Counsel via ECF