**BARRY, MCTIERNAN & MOORE**

**COUNSELORS AT LAW**
**2 RECTOR STREET**

| WESTCHESTER OFFICE | | CONNECTICUT OFFICE |
|---|---|---|
| 55 CHURCH STREET | **NEW YORK, NEW YORK 10006** | 27 LONG MEADOW ROAD |
| WHITE PLAINS, NY 10601 | _____ | TRUMBULL, CT 06611 |
| TEL: (914) 946-1030 | | TEL: (203) 261-8060 |
| FAX: (914) 946-3814 | TEL: (212) 313-3600 | FAX: (203) 268-0384 |
| | FAX: (212) 608-8901 | |
| | FAX: (212) 608-8902 (TOXIC TORT) | |

June 14, 2012

*Via ECF*

Chief Magistrate Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza, East
Brooklyn, NY 11201

Re:   Rodriguez v. the City of New York
       P.A. Jr. v City of New York
       Alford v City of New York
       10 CV 4661 and 11 CV 1583

Dear Judge Gold:

    On behalf of the City Defendants, we write to oppose the letter request filed by James R. Lambert on June 13, 2012 seeking to adjourn all the defendants' depositions until after alleged discovery deficiencies have been corrected. We oppose the application because the deposition schedule has been agreed upon by counsel and ordered by this Court, the ordered discovery has been provided, the bulk of ESI has been exchanged, and any ESI that has not previously been produced will be done shortly now that we have been provided with search terms and production specifications.

    Pursuant to federal requirements, New York State implemented the use of a "statewide automated child welfare information system." *See generally* Social Services Law § 446. In child welfare cases such as this one, the Connections file is the primary ESI. We exchanged the Connections file months ago to all counsel.

    In February 2012, we provided counsel with the ESI information for the five custodians who had primary contact with the family (Robert Salemi, Natalia Rosado, Zanette Sargeant, Deborah Pride and

Rose Sosa). We requested that counsel provide us with the names of any other custodians whose ESI they would like searched. We also asked that they provide us with search terms. To date they have not identified any other custodians.

On Friday June 8 at 5:25 PM, P.A., Jr. (Skadden) finally provided us with proposed search terms and on Monday June 11 at 4:12 PM gave us production specifications. Mr. Lambert provided us with proposed search terms[1] on June 11, 2012. Although the majority of the ESI obtained as a result of our search of those terms identifying persons associated with the Rodriguez/Alford family appear to be either privileged or redundant of that which is already in Connections, we expect to produce the ESI shortly[2] (the non-privileged material is about 54 documents, most of which has already been produced in Connections or from other files).

Pursuant to Your Honor's prior order, the plaintiffs identified ten (10) City witnesses and five (5) St. Vincent's witnesses whose depositions they sought. We were also provided with vacation and other scheduling conflicts by the plaintiffs' firms. Thereafter, working in conjunction with Mr. O'Bryan, I created a schedule for these depositions and submitted it to Your Honor. This schedule was ordered and approved on June 8, 2012 (docket entry #211).

Turning to the interrogatory answers that Mr. Lambert contends is in dispute, he served a Second Set on April 19 and a Third Set on or about April 20, 2012. Our answers were due on or about May 21, 2012. Due to a family emergency, I asked Mr. Lambert for an extension, and we served our responses on June 1, about eleven days late (not four weeks as Mr. Lambert states in his letter).

Your Honor may recall that the purported reason for an additional set of interrogatories was addressed at the April 18, 2012 conference. Near the end of the conference at pp. 25-6, Mr. Lambert advised this Court that he intended to propound interrogatories "relating to the drug test results that we just discussed in terms of who they were communicated to, when they were communicated to that person, et cetera." This Court stated that they "seem rather narrow" and advised Mr. Lambert to serve them by April 20, 2012. Id.

Instead of serving interrogatories which were limited to that issue, Mr. Lambert served two sets of interrogatories which totaled 35 questions. Most of the questions did not address the drug testing. Nevertheless, in the spirit of cooperation, we answered the discovery as it primarily dealt with policies regarding removal and notification to the non-custodial father. As we had exchanged the Child Welfare manuals, training and policy information, we directed Mr. Lambert to these documents. He also will have the opportunity to ask our witnesses these questions when he conducts their depositions.

---

[1] Some of the search terms are broad without any limits to the Rodriguez/Alford family. For example, some of Skadden and Mr. Lambert's terms include "custody," "emergency w/3 (removal OR circumstances)" and "1021 section of Family Court Act on removal with consent." By conducting such searches, we will pick up other families' confidential information that cannot be produced. Skadden identified 42 search terms and Mr. Lambert identified 12 additional terms.

[2] For now we can only produce to Skadden, as the other plaintiff firms have not provided us with production specifications.

- 3 -

When Mr. Lambert received my discovery responses, he told me he might have some issue with it, and I agreed to give him additional time to file a motion if he felt it was necessary. Your Honor has granted his request. He apparently drafted a letter June 6 identifying the deficiencies which I did not receive as it was caught in my spam filter. I received it on June 12 and hope to work out a resolution with Mr. Lambert before the deadline of June 22 when he must file a motion to compel if he deems it necessary.

Unitil he wrote his June12 letter to Your Honor, Mr. Lambert never suggested that he was unwilling or unable to go forward with depositions. I have had numerous conversations and exchanges with him in the last two months, but never has he suggested that the entire schedule be pushed off.

It is respectfully suggested that the depositions go forward as scheduled. If there is a document that is exchanged after a witness is deposed and there is a need to ask further limited questions of the witness, we can produce the witness again for a limited deposition.

Thank you for your consideration of this matter.

                Respectfully submitted,
                BARRY, MCTIERNAN & MOORE

                By:   *Suzanne M. Halbardier*
                    Suzanne M. Halbardier

cc:    Via ECF
       Robert Alexander Osuna, Esq.
       Skadden Arps Slate Meagher & Flom LLP
       James Lambert, Esq.
       Attorneys for Plaintiffs

       Charles E. O'Bryan, Esq.
       Jones, Hirsch, Connors & Bull, P.C.
       Attorneys for Defendants St. Vincent's Services, Inc.