**BARRY, MCTIERNAN & MOORE**

**COUNSELORS AT LAW**
**2 RECTOR STREET**

| WESTCHESTER OFFICE | **NEW YORK, NEW YORK 10006** | CONNECTICUT OFFICE |
|---|---|---|
| 55 CHURCH STREET | | 27 LONG MEADOW ROAD |
| WHITE PLAINS, NY 10601 | _____ | TRUMBULL, CT 06611 |
| TEL: (914) 946-1030 | | TEL: (203) 261-8060 |
| FAX: (914) 946-3814 | TEL: (212) 313-3600 | FAX: (203) 268-0384 |
| | FAX: (212) 608-8901 | |
| | FAX: (212) 608-8902 (TOXIC TORT) | |

July 2, 2012

*Via ECF*
Chief Magistrate Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza, East
Brooklyn, NY  11201

Re:  Rodriguez v. the City of New York
 P.A. Jr. v City of New York
 Alford v City of New York
 10 CV 4661 and 11 CV 1583

Dear Judge Gold:

On behalf of the City Defendants, we write in connection with the upcoming status conference before Your Honor on July 6, 2012 in order to request that certain issues which have arisen during the depositions be addressed.

Pursuant to the scheduling order approved by this Court, defendant St. Vincent's produced Carline Anderson on June 19, 2012.  We produced Robert Salemi on June 20, and John McLaughlin on June 26, 2012.  None of the defendant witnesses was completed in one day.  No new dates have been scheduled for the continuation.

Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, a deposition is limited to one day of seven hours.  The Court may allow additional time upon good cause shown, including (1) the witness needs an interpreter; (2) the deponent is testifying about complex matters or events that occurred over a long period of time; (3) the deponent has not reviewed documents or other materials; (4) multiple parties

must examine the witness; and (5) the witness is an expert. *See generally* Moore's Federal Rules Pamphlet Section 30.6; *see also* Saeed v. County of Nassau, 2011 U.S. Dist. LEXIS 151411 (E.D.N.Y. 2011).

Given that we have three plaintiff firms with some overlapping and some unique claims, I am not opposed to trying to work out a resolution with my adversaries. For example, when Mr. Salemi's deposition concluded on June 20, Mr. Rideout had completed his questions on behalf of P.A. and Mr. Wotorson had started. Mr. Salemi had testified for about five and a half hours, without counting the breaks. Mr. Wotorson and Mr. Lambert advised me that they had about three hours remaining of questions combined. We agreed to adjourn and reschedule on a mutually convenient date.

However, we encountered a problem at the end of the day on June 26, 2012. Mr. McLaughlin is a worker in the Office of Placement, and has generally a ministerial task: he takes the ages and sex of the children who need to be placed in foster care, and he calls the various contract foster care agencies for available beds for the children. Good casework practice encourages that the children be kept together, and in the same community district where they live. He first did a search using the parameters identified above, and then he made calls until he found a home where the foster parent was available and could take the children. It was the home of Ms. Moran whose foster home was under the auspices of St. Vincent's. His time spent finding a foster home for these children occurred over the course of approximately three hours, during which he was likely working on also finding placements for other children.

We ended the deposition after the Skadden firm completed their questions, about five and a half hours. Given Mr. McLaughlin's limited role, I asked Mr. Wotorson and Mr. Lambert if they could finish.[1] Mr. Lambert told me he had 18 pages of questions and did not know how long he would need. Mr. Wotorson advised that he had a previously undisclosed appointment and could not stay. Prior to leaving, he made a record, and when I tried to respond on the record he talked over me in a loud voice. He then left the deposition.

I have no problem with witnesses such as Mr. Salemi going beyond seven hours if the three plaintiff firms have non-repetitive relevant questions. However, I was troubled by many of the questions of Mr. McLaughlin, including questions about his cubicle and what is stored in the various drawers and overhead bin. And counsel would not give me an estimate about how much more time they might have of the witness so we could reach an agreement at the end of the session. We have additional witnesses whose testimony will be similarly limited in time (e.g. Sharice Scott, approximately two hours). And the Skadden firm has already indicated a desire to seek more depositions beyond the ten witnesses I have already agreed to produce pursuant to Rule 30.

---

[1] Mr. McLaughlin works 4PM to midnight, and I had asked that we start his deposition at noon. In exchange, I agreed that the witness would stay as late as necessary to complete the deposition. Other than Skadden who agreed, neither Mr. Lambert nor Mr. Wotorson responded or objected. We ended the deposition around 7PM when the court reporter advised me that she was not prepared to go later, as she had not been advised the deposition might go into the evening.

   As the attorneys will be spending a lot of time together in completing all the depositions, and in the interest of civility, I would ask that Your Honor provide us with some guidance.  One suggestion would be that the plaintiffs reach agreement in splitting up the seven hours, and if they need additional time due to a given witness' testimony, then we can agree on it for that particular witness.  My concern is that without some guidance, we will never get the party depositions completed (and we have not even begun the scheduling of the non-party witnesses).

   Thank you for your consideration of this matter.

               Respectfully submitted,
               BARRY, MCTIERNAN & MOORE

               By: ___*Suzanne M. Halbardier*_____
                 Suzanne M. Halbardier


cc: Via ECF
   Robert Alexander Osuna, Esq.
   Ambrose Wotorson, Esq.
   Skadden Arps Slate Meagher & Flom LLP
   James Lambert, Esq.
   Attorneys for Plaintiffs

   Charles E. O'Bryan, Esq.
   Jones, Hirsch, Connors & Bull, P.C.
   Attorneys for Defendants St. Vincent's Services, Inc.