# Jones Hirsch Connors Miller & Bull p.c.

One Battery Park Plaza
New York, New York 10004

NEW YORK

MINEOLA

WRITER'S EMAIL

TELEPHONE: (212) 527 – 1000
FACSIMILE:   (212) 527 – 1680

CONNECTICUT

NEW JERSEY

WRITER'S DIRECT
DIAL NUMBER

cobryan@jhcb.com

Charles E. O'Bryan
Principal

(212) 527-1621

**Courtesy copy, original filed by ECF, Docket No.: CV-10-4661**

July 2, 2012

**BY HAND/ECF**
Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 13D
Brooklyn, New York  11201

> Re:  Rodriguez v. St. Vincent's
>      Services, et al
>      Civil Docket No.:   10-CV-4661
>
>      Patrick Alford v. The City of
>      New York, et al
>      Civil Docket No.:   11-CV-1583
>                          10-CV-04661
>
>      P.A., Jr. v. City of New York; et al
>      Civil Docket No.: 10-CV-04661
>
>      Our File No.:        06100-16617

Dear Magistrate Gold:

     This office represents the interests of Carlene Anderson,
Zoila Villalta, and St. Vincent's Services, Inc. in the above
referenced matter.  In keeping with the Court's directive during
the telephone conference of June 30, 2012 we write in connection
with the upcoming status conference scheduled for July 6, 2012 to
request that certain issues be discussed at that time.

     Chief among the concerns as noted in the submission by
counsel on behalf of the City defendants, is the number,

Hon. Steven M. Gold          -2-                    July 2, 2012

frequency, and duration of the depositions of the various defense witnesses.

   In compliance with the Scheduling Order of this Court, with the consent of all parties, Carlene Anderson was the first witness produced on behalf of St. Vincent's.

   Excluding breaks, Ms. Anderson was subjected to an examination for five hours and 56 minutes solely by counsel for P.A., Jr., Skadden Arps. As with the other witnesses produced thus far, the deposition was not completed.

   Pursuant to Federal Rule of Civil Procedure 30(d)(2) depositions are limited to one day consisting of 7 hours. We are also aware that, where there are multiple parties, consistent with Rule 26(b)(2), for a fair examination of the deponent the Court will generally allow additional time. Nevertheless, the rule mandates that "[A] party seeking a Court Order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an Order." See, for example, Calderon v. Symeon, No. 06 CV 1130, 2007 U.S. Dist. LEXIS 20510, at 3. (D.Conn. Fed.2, 2007) (quoting 7 James Wm. Moore, et al Moore's Federal Practice, §30-45 (3rd E.D. 2006). As noted by counsel for the co-defendant City, the fact that there are three separate law firms with similar claims, we remain aware of the need to work with counsel to achieve an amiable resolution of this issue.

   Given Ms. Anderson's role in the instant litigation, we are not adverse to producing her for additional time. We merely request that the Court clarify that 21 hours is more than slightly excessive in view of the nature and subject matter of the case.

   This is a civil rights case brought under §1983. As was noted in Sabre v. First Dominion Capital, LLC. et al, 2001 U.S. Dist. LEXIS 20637; 51 Fed. R. Cerv.3d (Callahan) 1405, "this is not a complex action. Actions such as these, under Title VII and §§ 1983 and 1981, are one of the most common actions filed in this Court..." The involvement of a number of the St. Vincent's witnesses is limited and discrete. For example, Dr. Eugene Plotnick met with Ms. Moran and the infant for less than one hour. He had no further involvement with the case. It would not be surprising if the thrust of his examination before trial involved not only his prior training and current practice but his involvement with the child and the basis of his assessment. Quite frankly the examination of Dr. Plotnick should not consume

Hon. Steven M. Gold          -3-              July 2, 2012

seven hours much less entitle each of the separate plaintiff's
counsel to a discrete 7 hours.  Similarly, Suzanne Pope, the
individual who actually performed the initial intake, the
administrative task of acknowledging and ultimately accepting the
assignment of the two children.  Hers, too, was a limited and
discrete contact with the case which should not consume 5 hours
total.  The issue of the length and frequency of individual
witness depositions was one which was not addressed by counsel
herein.  We, too, seek the Court's guidance.

      Mindful of the fact, as noted by the City, that sufficient
completion of discovery is paramount we also request the Court
give this matter some consideration.

      We thank the Court in advance for its consideration of this
matter.

                              Respectfully submitted,

                              Charles E. O'Bryan

CEO:dml

cc:   **VIA HAND/ECF**
      Honorable John Gleeson
      United States District Court
      Eastern District of New York
      225 Cadman Plaza, Room 727 S
      Brooklyn, New York   11201

      **VIA ECF**
      **SKADDEN, ARPS, SLATE, MEAGHER**
       **& FLOM LLP**
      Four Times Square
      New York, New York 10036-6522
      **Attn: Patrick Rideout, Esq.**

      **LAW OFFICE OF ROBERT OSUNA, P.C.**
      11 Park Place, Suite 600
      New York, New York   10007
      **Attn:  Robert Osuna, Esq.**

Hon. Steven M. Gold                    -4-                        July 2, 2012


**LAW OFFICES OF AMBROSE W. WOTORSON, JR.**
26 Court Street
Brooklyn, New York  11242-1118

**LAW FIRM OF JAMES R. LAMBERT, ESQ.**
1491 Richmond Road
Staten Island, New York   10304

**SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP**
Four Times Square
New York, New York 10036
**Attn: Jonathan J. Lerner, Esq.**

**BARRY McTIERNAN & MOORE**
2 Rector Street
New York, New York   10006
**Attn:   Susan M. Halbardier, Esq.**

**VIA CERTIFIED MAIL/RRR and REGULAR MAIL**
Ms. Librada Moran
130 Vandalia Avenue, #11B
Brooklyn, New York 11239


856370