SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2550
DIRECT FAX
(917) 777-2550
EMAIL ADDRESS
JONATHAN.LERNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 2, 2012

**BY ECF**

Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

          RE:    <u>P.A., Jr. v. City of New York, et al., 10-CV-04661</u>

Dear Judge Gold:

        We write on behalf of plaintiff P.A., Jr. ("P.A.") pursuant to Your Honor's direction during the June 29, 2012 telephonic conference that the parties advise Your Honor of any issues they anticipate raising at the July 6, 2012 conference. While we will continue to confer with counsel regarding these issues, we believe certain issues may need to be addressed at the July 6, 2012 conference.

        *First*, counsel for St. Vincent's has taken the position that reviewing information on back-up tapes would be unduly burdensome and would not reasonably be expected to lead to discovery of admissible evidence. As Your Honor will recall, Mr. O'Bryan represented to the Court that St. Vincent's had no ESI and its employees did not use cell phones or email for work-related communications. (*See generally* 1/27/12 Tr. at 39-43.) This has proven to be totally untrue. As St. Vincent's caseworker Carline Anderson testified, she used email as part of her "general day-to-day work" at St. Vincent's and had a smartphone that she sometimes used to send work-related email and text messages from the field. (6/19/12 deposition of Carline Anderson, Tr. at 46:15-17, 55:21-56:17.) However, St. Vincent's has produced only six emails to date. In light of St. Vincent's failure to put a litigation hold in place for over 20 months after P.A.'s disappearance and because it

Honorable Steven M. Gold
July 2, 2012
Page 2

has produced only a paltry amount of ESI, we believe St. Vincent's is obligated to restore and review back-up tapes that it admitted in its response to P.A.'s Second Set of Interrogatories may contain relevant information belonging to defendants Carline Anderson and Zoila Villalta. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Sec.*, 685 F. Supp. 2d 456, 491 (S.D.N.Y. 2010) (Scheindlin, J.) ("While routine searches of backup tapes are not required, they should be searched when it has been shown that relevant material existed but was not produced, or relevant material *should have* existed but was not produced.") (emphasis in original); *see also Quinby v. WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006) (Pitman, M.J.) ("[I]f a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data.").

*Second*, the privilege logs submitted by defendants City and St. Vincent's are inadequate. The privilege log submitted by the City fails to satisfy the requirements of Local Civil Rule 26.2 and contains numerous unsupportable assertions of privilege. We first raised this deficiency with the Court in our January 20, 2012 letter. (*See* Dkt. No. 181 at 3.) The City has since twice amended its privilege log, but the amended logs do not adequately cure the deficiencies we previously identified, nor do they provide an adequate basis for many of the assertions of privilege. For example, the City claims the attorney-client, work product, public interest and deliberative process privileges over an undated "Investigation Conclusion Narrative" the author of which is admittedly "Unknown." In light of the City's continuing production of documents, which counsel for the City has represented will necessitate additional amendments to its privilege log, we raised these deficiencies with the City again on June 28, 2012. Counsel for the City has indicated she will be providing a response this week addressing these issues. However, in the event that the parties are not able to resolve their differences on this subject prior to the July 6, 2012 conference, it may be necessary to seek the Court's guidance.

The privilege log submitted by St. Vincent's, which was not served until after we had raised deficiencies in the City's privilege log with the Court, similarly fails to satisfy the requirements of Local Civil Rule 26.2. Specifically, it fails to identify "the general subject matter of the document; . . . the addressees of the document, and any other recipients." Local Civil Rule 26.2(a)(2)(A). It also contains numerous unsupportable assertions of privilege, such as asserting attorney-client privilege over documents with an admittedly "Unknown" author. Again, we hope to resolve this issue without Court intervention, but it may be necessary to seek the Court's guidance.

Honorable Steven M. Gold
July 2, 2012
Page 3

                                        Respectfully submitted,

                                        /s/ Jonathan J. Lerner
                                        Jonathan J. Lerner

cc:    All Counsel (via ECF)